# In the Circuit Court of the State of Oregon

For the County of ___Multnomah___

STEPHEN P. ARNOT, Chapter 7 Trustee for the Estate of Jeffrey Ron King and Tisha Renee King,

_____ Plaintiff(s),

vs.

CHRISTINA CRESWELL, CAL-WESTERN RECONVEYANCE CORPORATION, AURORA LOAN SERVICES, LLC, MICHAEL D. CHEN, YUNG-FENG CHOU AND COBALT MORTGAGE, INC.,

_____, Defendant(s).

Case No. ___16CV08510___

SUMMONS

To ___COBALT MORTGAGE, INC.___
___c/o Keith Tibbles, President___
___11241 Slater Avenue NE___
___Kirkland, WA 98033___
_____ Defendant _____

You are hereby required to appear and defend the complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

_[signature]_
SIGNATURE OF ☒ ATTORNEY ☐ AUTHOR/FOR PLAINTIFF

___Gary L. Blacklidge___ ___90208___
ATTORNEY'S / AUTHOR'S NAME (TYPED OR PRINTED) — BAR NO. (IF ANY)

___1515 SW 5th Avenue, Suite 600___
ADDRESS

___Portland___ ___OR___ ___97201___ ___(503) 295-2668___
CITY — STATE — ZIP — PHONE

___(503) 224-8434___ ___gary.blacklidge@greenemarkley.com___
FAX (IF ANY) — ATTORNEY'S E-MAIL ADDRESS (IF ANY)

___Charles R. Markley___ ___75240___
TRIAL ATTORNEY IF OTHER THAN ABOVE (TYPED OR PRINTED) — BAR NO.

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

_____
ATTORNEY(S) FOR PLAINTIFF(S)

GREENE & MARKLEY, P.C.
1515 SW Fifth Avenue, Suite 600
Portland, Oregon 97201-5492
Telephone (503) 295-2668
Facsimile (503) 224-8434

Exhibit 1
Page 1 of 12

According to ORCP 7A, "a true copy of a summons and complaint" means an exact and complete copy of the original documents. No signed certification to that effect is necessary.

FORM No. 190 – SUMMONS
© 1985-2011 Stevens-Ness Law Publishing Co.
Portland, OR www.stevensness.com    BB

Page 1 – SUMMONS.    NO PART OF ANY STEVENS-NESS FORM MAY BE REPRODUCED IN ANY FORM OR BY ANY ELECTRONIC OR MECHANICAL MEANS.


Case 16-03046-rld    Doc 1-1    Filed 04/20/16

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| STEPHEN P. ARNOT, Chapter 7 Trustee for the Estate of Jeffrey Ron King and Tisha Renee King,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTINA CRESWELL, CAL-WESTERN RECONVEYANCE CORPORATION, AURORA LOAN SERVICES, LLC, MICHAEL D. CHEN, YUNG-FENG CHOU AND COBALT MORTGAGE, INC.,<br><br>    Defendants. | Case No. 16CV08510<br><br>COMPLAINT FOR TRESPASS AND OTHER RELIEF<br><br>Jury Trial Requested<br><br>Fee Authority: ORS 21.160(1)(c)<br><br>Amount Claimed: Not less than $208,600<br><br>NOT SUBJECT TO MANDATORY ARBITRATION |

Plaintiff, Stephen P. Arnot ("Arnot") in his capacity as Chapter 7 Trustee of the bankruptcy estate of Jeffrey Ron King and Tisha Renee King (the "Debtors"), United States Bankruptcy Court for the District of Oregon, Case No. 11-30645-rld7 alleges as follows:

1.

On or about January 28, 2011, the Debtors filed a voluntary petition for relief in the United States Bankruptcy Court for the District of Oregon under chapter 7 of the Bankruptcy Code.

///

///

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

2.

On January 28, 2011, the Bankruptcy Court appointed Peter C. McKittrick as chapter 7 trustee for the Debtor's bankruptcy estate.

3.

On October 30, 2012, the bankruptcy case was closed, but was re-opened on March 4, 2016, Arnot was appointed trustee, and is presently the duly-qualified trustee for the bankruptcy estate.

## BACKGROUND FACTS

4.

On or about February 1, 2006, the Debtors purchased the Washington County, Oregon real property legally described as Lot 24, ALDERBROOK SOUTH, in the City of Hillsboro, County of Washington and State of Oregon (the "Property"), to be used as the Debtor's residence.

5.

On or about February 1, 2006, the Debtors executed and delivered to Homecomings Financial Network, Inc. ("Homecomings Financial") a promissory note in the face amount of $148,000 (the "Note").

6.

On or about February 6, 2006, the Debtors executed and delivered a residential deed of trust on the Property (the "Trust Deed") to secure the Note, which designated Homecomings Financial as the "Lender," First American Title as the "Trustee," and Mortgage Electronic Registration Systems, Inc. ("MERS") as the "Beneficiary." The Trust Deed was recorded on February 6, 2006 as Instrument No. 2006-013783, in the Washington County, Oregon Official Records.

///

///

Page 2 - COMPLAINT FOR TRESPASS AND OTHER RELIEF

Exhibit 1
Page 3 of 12

Case 16-03046-rld    Doc 1-1    Filed 04/20/16

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

7.

On information and belief, MERS was never the owner or holder of the Note, was not the party to which the debt was owed, and thus was not and could not be the "beneficiary" under the Oregon Trust Deed Act ("OTDA").

8.

On or about August 7, 2009, MERS, purporting to act as "beneficiary," executed a substitution of trustee purporting to appoint Cal-Western Reconveyance Corporation ("Cal-Western") as successor trustee of the Trust Deed. The appointment of successor trustee was recorded August 11, 2009, as Instrument No. 2009-073804, in the Washington County Official Records by Cal-Western.

9.

Cal-Western was never appointed successor trustee by the true beneficiary of the Trust Deed as required by ORS 86.713(3) (*formerly* ORS 86.790(3)).

10.

On or about August 11, 2009, Cal-Western purported to commence a non-judicial foreclosure of the Trust Deed under the OTDA by recording a Notice of Default and Election to Sell as Instrument No. 2009-073805, Washington County Official Records, which set a sale date of December 14, 2009.

11.

On or about December 11, 2009, the pre-sale affidavits were recorded as Instrument No. 2009-107366, Washington County Official Records by Cal-Western in purported compliance with *former* ORS 86.750.

12.

On July 13, 2010, Cal-Western recorded a trustee's deed as Instrument No. 2010-053071, Washington County Official Records, stating that the trustee's sale of the Property was conducted on June 11, 2010, by Cal-Western as "trustee" and Aurora Loan

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

Case 16-03046-rld    Doc 1-1    Filed 04/20/16

Services, LLC ("Aurora Loan") was the purchaser (the grantee) in the trustee's deed (the "Trustee's Deed").

13.

Aurora Loan occupied the Property from June 21, 2010, until about August 12, 2010, when it purported to convey the Property to Michael D. Chen and Yung-Feng Chou ("Chen") by special warranty deed recorded on August 12, 2010, as Instrument No. 2010-061986, Washington County Official Records. Chen occupied the Property from that date, all to the exclusion of the Debtors and Arnot.

14.

On or about April 24, 2014, Chen purported to convey the Property to Christina Creswell ("Creswell") pursuant to a statutory warranty deed recorded April 24, 2014, as Instrument No. 2014-023736, Washington County Official Records. Creswell has continued to occupy the Property from that date to the present, all to the exclusion of the Debtors and Arnot.

15.

On or about April 24, 2014, Creswell executed a deed of trust purporting to encumber the Property and naming Cobalt Mortgage, Inc. ("Cobalt Mortgage") as beneficiary. The Deed of Trust was recorded April 24, 2014 in the Washington County Records as Instrument No. 2014-023737.

**FIRST CLAIM FOR RELIEF**

(Against All Defendants - Declaratory Relief)

16.

Arnot realleges paragraphs 1 through 15 above.

///
///
///

Page 4 - COMPLAINT FOR TRESPASS AND OTHER RELIEF

Exhibit 1
Page 5 of 12

Case 16-03046-rld    Doc 1-1    Filed 04/20/16

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

**17.**

MERS has never been the holder of the Note, has never been the "beneficiary" of the Trust Deed, and thus had no authority under the OTDA to appoint a successor trustee of the Trust Deed.

**18.**

Either Homecomings Financial or an entity other than MERS was the true beneficiary under the Trust Deed before and during the foreclosure of the Trust Deed, neither of which appointed the successor trustee.

**19.**

Since Cal-Western was not appointed by the true beneficiary of the Trust Deed, Cal-Western lacked any authority under the OTDA to act as successor trustee and to foreclose the Trust Deed.

**20.**

Cal-Western violated the OTDA by recording a Substitution of Trustee, Notice of Default and Election to Sell, sending the Debtor a trustee's Notice of Sale, recording pre-sale affidavits, purporting to foreclose the Trust Deed under the OTDA, and issuing and recording the Trustee's Deed when Cal-Western was not the successor trustee of the Trust Deed.

**21.**

Cal-Western's purported non-judicial foreclosure of the Trust Deed was thus *void ab initio*.

**22.**

Cal-Western had no authority to execute, deliver or record the Trustee's Deed conveying the Property to Aurora Loan, and the Trustee's Deed is void and of no effect on the title to the Property.

///

Page 5 - COMPLAINT FOR TRESPASS AND OTHER RELIEF

Exhibit 1
Page 6 of 12

Case 16-03046-rld    Doc 1-1    Filed 04/20/16

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

23.

Since Aurora Loan held no valid title to the Property, Aurora Loan's deed to Chen, and Chens' deed to Creswell conveyed no title or interest in the Property to Creswell.

24.

Arnot has no adequate remedy at law.

25.

Arnot is entitled to a judgment declaring Cal-Western's foreclosure of the Trust Deed void, the deed to Aurora Loan, the deed to Creswell and the deed of trust to Mortgage Express to be of no effect on the title to, and right to possession of the Property by the Debtors and Arnot.

**SECOND CLAIM FOR RELIEF**

(Against Cal-Western, Aurora Loan and Creswell - Trespass)

26.

Arnot realleges paragraphs 1 through 25 above.

27.

At all relevant times, the Debtors have been entitled to exclusive possession of the Property, subject to the rights of Arnot since the filing of the bankruptcy.

28.

On or about June 21, 2010, Aurora Loan intentionally entered upon the Property and remained thereon until August 12, 2010, without the Debtors' consent and to the exclusion of the Debtors. Such entry has interfered with the Debtors' possession and that of Arnot.

29.

On or about August 12, 2010, Chen intentionally entered upon the Property and remained thereon until April 24, 2014, without the Debtors' or Arnot's consent and to the exclusion of the Debtors and Arnot. Such entry has interfered with the Debtors' and

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

Arnot's right to possession. Chen may have intentionally performed other acts affecting the Property as will be identified through discovery.

30.

On or about April 24, 2014, Creswell intentionally entered upon the Property and remained thereon until the present, without the Debtors' or Arnot's consent and to the exclusion of the Debtors and Arnot. Such entry has interfered with the Debtors' and Arnot's right to possession. Creswell may have intentionally performed other acts affecting the Property as will be identified through discovery.

31.

Debtors and Debtors' bankruptcy estate are damaged in the amount of not less than $1,065 per month from June 21, 2010, being the reasonable rental value of the Property from the date Aurora Loan took possession of the Property, and until such time as Arnot's right to possession is restored. The exact amount of the damages will be determined at trial.

32.

Cal-Western's wrongful actions in purporting to conduct the foreclosure and sale of the Property, and the issuance by Cal-Western of the Trustee's Deed was a substantial factor in Aurora Loan's, Chens' and Creswell's trespass on the Property. Cal-Western is therefore subject to liability to Arnot for the entire harm caused by the trespass.

33.

The wrongful actions of Aurora Loan in purporting to convey the Property was a substantial factor in Chens' and Creswell's trespass on the Property. Aurora Loan is therefore subject to liability to Arnot for the entire harm caused by the trespass.

/ / /

/ / /

/ / /

Page 7 - COMPLAINT FOR TRESPASS AND OTHER RELIEF

Exhibit 1
Page 8 of 12

Case 16-03046-rld    Doc 1-1    Filed 04/20/16

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

34.

The wrongful actions of Chen in purporting to convey the Property was a substantial factor in Creswell's trespass on the Property. Chen is therefore subject to liability to Arnot for the entire harm caused by the trespass.

### THIRD CLAIM FOR RELIEF

(Against All Defendants - Invalid Claim of Encumbrance ORS 205.450 et seq)

35.

Arnot realleges paragraphs 1 through 34 above.

36.

The appointment of the successor trustee, the foreclosure documents, the deeds, and the deed of trust to Cobalt Mortgage each constitute invalid claims of encumbrance, the recording of which by defendants subjects them to liability for not less than $5,000 for each recorded instrument, or for Arnot's actual damages caused by the filing of each of the invalid claims of encumbrance, whichever is greater, together with Arnot's costs and reasonable attorney fees under ORS 205.470. Despite Arnot's request, defendants have failed and refused to remove the invalid encumbrances.

37.

Arnot has incurred and will continue to incur attorney fees in connection with this case.

WHEREFORE, Arnot requests judgment as follows:

1. Declaring that the non-judicial foreclosure of the Trust Deed under the OTDA is *void ab initio*, and that the Trustee's Deed from Cal-Western to Aurora Loan, the deed from Aurora Loan to Creswell, and the deed of trust from Creswell to Cobalt Mortgage to have no effect on the title to the Property;

///

///

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

2. Awarding damages to Arnot for trespass in the amount of not less than $1,065 per month against Cal-Western, Aurora Loan, Chen and Creswell, the exact amount to be established at trial;

3. Awarding Arnot a minimum of $5,000 for each invalid encumbrance recorded by defendants, together with such further sum for damages as will be proven at trial;

4. Awarding Arnot his costs, disbursements and reasonable attorney fees incurred in this case; and

5. For trial by jury of all issues.

DATED this 16th day of March 2016.

        GREENE & MARKLEY, P.C.

        By *s/Gary L. Blacklidge*
         Gary L. Blacklidge, OSB #90208
         gary.blacklidge@greenemarkley.com
         Charles R. Markley, OSB #75240
         charles.markley@greenemarkley.com
         Telephone: (503) 295-2668
         *Attorneys for Arnot*

\G:\Clients\7885\011\Pleadings\P Complaint Creswell.wpd

Page 9 - COMPLAINT FOR TRESPASS AND OTHER RELIEF

Exhibit 1
Page 10 of 12

Case 16-03046-rld   Doc 1-1   Filed 04/20/16

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

**GREENE & MARKLEY, P.C.**
ATTORNEYS
1515 SW FIFTH AVENUE, SUITE 600
PORTLAND, OREGON 97201-5492

ADDRESS SERVICES REQUESTED

Cobalt Mortgage, Inc.
c/o Keith Tibbles, President
11241 Slater Avenue NE
Kirkland, WA 98033

RECEIVED MAR 21 2016



02 1M
0004273812  MAR 18 2016
$00.705
MAILED FROM ZIP CODE 97201

Exhibit 1
Page 11 of 12

Case 16-03046-rld    Doc 1-1    Filed 04/20/16

**GREENE & MARKLEY, P.C.**
ATTORNEYS
1515 SW FIFTH AVENUE, SUITE 600
PORTLAND, OREGON 97201-5492

ADDRESS SERVICES REQUESTED

7015 3010 0000 9254 3699

CERTIFIED MAIL



02 1M
0004273812
MAILED FROM ZIPCODE 97201
UNITED STATES POSTAGE
$07.17⁵
PITNEY BOWES
MAR 18 2016

Cobalt Mortgage, Inc.
c/o Keith Tibbles, President
11241 Slater Avenue NE
Kirkland, WA 98033

RECEIVED
MAR 25 2016
BY:

Exhibit 1
Page 12 of 12

Case 16-03046-rld    Doc 1-1    Filed 04/20/16