**Charles R. Markley, OSB #75240**
E-mail: charles.markley@greenemarkley.com
**Sanford R. Landress, OSB #81438**
E-mail: sanford.landress@greenemarkley.com
**Greene & Markley, P.C.**
1515 SW Fifth Avenue, Suite 600
Portland, OR  97201
Telephone:  (503) 295-2668
Facsimile:   (503) 224-8434
        *Attorneys for Plaintiff*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br>Estate of Jeffrey Ron King and<br>Tisha Renee King,<br><br>          Debtors.<br>⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯<br><br>STEPHEN P. ARNOT, Chapter 7 Trustee for<br>the Estate of Jeffrey Ron King and<br>Tisha Renee King,<br><br>          Plaintiff,<br>    v.<br><br>CHRISTINA CRESWELL, CAL-WESTERN<br>RECONVEYANCE CORPORATION,<br>AURORA LOAN SERVICES, LLC,<br>MICHAEL D. CHEN, YUNG-FENG CHOU<br>and COBALT MORTGAGE, INC.,<br><br>          Defendants. | Case No.  11-30645-rld7<br><br>Chapter 7<br><br><br>Adversary Proceeding<br>No. 16-03046-rld<br><br>**PLAINTIFF'S MOTION FOR ORDER<br>FINDING ATTEMPTED REMOVAL<br>VOID OR FOR REMAND**<br><br>(Oral Argument Requested)<br><br>(Demand for Jury Trial) |

LBR 7007-1(a)

Plaintiff hereby provides notice pursuant to LBR 7007-1(a) that his counsel has

conferred with counsel for defendant Cobalt Mortgage, Inc. ("Cobalt") concerning

remand.  Of course, that conferral did not produce an agreement that remand is

appropriate.

**Page 1 of 13**   PLAINTIFF'S MOTION FOR ORDER FINDING ATTEMPTED REMOVAL
         VOID OR FOR REMAND

**GREENE & MARKLEY, P.C.**
**1515 S.W. Fifth Avenue, Suite 600**
**Portland, OR 97201**
**Telephone: (503) 295-2668**
**Facsimile: (503) 224-8434**

Case 16-03046-rld    Doc 4    Filed 04/22/16

## DEMAND FOR JURY TRIAL

If this proceeding is not remanded to state court, then pursuant to Bankruptcy Rule 9027(e)(3) plaintiff demands a jury trial and does not consent to a trial in bankruptcy court.

## MOTION

Plaintiff moves this court for an order finding defendant Cobalt's attempted removal void or, in the alternative, remanding this proceeding to the Multnomah County Circuit Court. This motion is based on 28 U.S.C. § 1452(b), Bankruptcy Rules 9027(d) and (e)(3), the record herein, and plaintiff's supporting legal arguments.

## BACKGROUND

A copy of plaintiff's complaint in the Multnomah County, Oregon Circuit Court action is attached to the notice of removal. Plaintiff's complaint states purely state-law claims. Specifically, plaintiff seeks a judgment under Oregon law (1) declaring that defendants violated Oregon's Trust Deed Act, (2) finding defendants liable for damages for trespass, and (3) finding defendants liable for an invalid claim of encumbrance under ORS 205.470. Plaintiff asserts no bankruptcy law theories whatsoever.

## ARGUMENT

The applicable removal statute, 28 U.S.C. § 1452(a), provides for the removal of claims "*to the district court for the district where such civil action is pending. . . .*" (Emphasis added). Bankruptcy Rule 9027(a) governs the procedural aspects of removal. That rule states that "[a] notice of removal shall be filed *with the clerk for the district. . . within which is located the state. . . court where the civil action is pending.*" (Emphasis added).

/ / /

/ / /

**Page 2 of 13**   PLAINTIFF'S MOTION FOR ORDER FINDING ATTEMPTED REMOVAL
              VOID OR FOR REMAND

**GREENE & MARKLEY, P.C.**
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

A.    The Removal Is Procedurally Defective.

The plain text of both the statute and rule expressly require that the notice of removal be filed in the district court, *not* in the bankruptcy court.  Nevertheless, defendant Cobalt filed its notice of removal in the bankruptcy court.  Thus, Cobalt's notice of removal is void as procedurally defective.  *Id*.  *But see* 10 *Collier on Bankruptcy* ¶ 9027.03 (LexusNexis 16th ed. 2015) (where the authors reach a contrary conclusion based on a dubious analysis, and with no citation to binding case law).

Removal is disfavored, and the burden of persuasion is thus upon the party seeking removal.  *See, e.g., Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).  *See also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941) (because Congress restricted the jurisdiction of federal courts on removal, the removal statute is strictly construed *against* removal jurisdiction); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (recognizing that federal jurisdiction must be rejected *if there is any doubt* as to the right of removal, and that the burden of establishing removal jurisdiction falls to the parties invoking the removal statute).

In considering the procedural defect explained above, the court should keep in mind that Cobalt, as the removing party, bears the burden of persuasion.  *Id*.  The court should find the attempted removal void if there is *any* doubt as to whether Cobalt properly removed.  *Id*.

B.    The Bankruptcy Court Has Jurisdiction.

If the court finds Cobalt's removal to be procedurally proper and thus not void, then remand becomes an issue.  Jurisdiction is the first step in the remand analysis. Cobalt alleges, and plaintiff agrees, that the bankruptcy court has "related to" jurisdiction over this proceeding under 28 U.S.C. § 1334(b).  *See, e.g., Fietz v. Great Western Savings (In*

**GREENE & MARKLEY, P.C.**
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

*re Fietz*), 852 F.2d 455, 457 (9th Cir. 1998) (a civil proceeding is "related to" a bankruptcy case if "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy"). If plaintiff succeeds, the result will be to create funds for the bankruptcy estate for eventual distribution to creditors. That is an "effect" on the estate. "Related to" subject matter jurisdiction thus exists. The existence of subject matter jurisdiction is, however, only the beginning of the remand analysis. The existence of such jurisdiction, in itself, does not resolve the remand matters now at issue.

C.     This Proceeding Is Non-Core.

In addition to subject matter jurisdiction, whether the removed proceeding is core or non-core is also important. Here, while the bankruptcy court has subject matter jurisdiction, this is a *non*-core proceeding. Pursuant to Bankruptcy Rule 9027(e)(3), plaintiff has stated that it does *not* consent to entry of final orders or judgment by the bankruptcy judge.

The proper starting point in the analysis of what is core or non-core is the United States Supreme Court's opinion in *Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S. Ct. 2858, 73 L. Fd. 2d 598 (1982). The basic issue addressed in *Marathon* was the Supreme Court's concern that an overbroad interpretation of 28 U.S.C. § 1334 would bring into bankruptcy court matters required to be left to other courts to decide. *See, e.g.*, *Matter of Wood*, 825 F.2d 90, 93 (5th Cir. 1987).

Congress responded to *Marathon* by enacting 28 U.S.C. § 157, which now governs the extent of the bankruptcy court's judicial power. *Id*. Bankruptcy judges may hear and decide core matters, but as to non-core matters bankruptcy judges (absent consent) may only hear the proceeding and then submit proposed findings of fact and conclusions of law to the district court. *Id*. at 95.

/ / /

**Page 4 of 13**   PLAINTIFF'S MOTION FOR ORDER FINDING ATTEMPTED REMOVAL
VOID OR FOR REMAND

**GREENE & MARKLEY, P.C.**
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

As to whether a particular proceeding is core or non-core, the first question is whether or not the proceeding involves a right created by federal bankruptcy law. *Id*. at 97. If it does, the proceeding is core. *Id*. If it does not, the analysis moves on to the second question. The second question is whether or not the proceeding is one that would arise only in bankruptcy. *Id*. If so, the proceeding is again core. *Id*. In contrast, the proceeding is *non*-core if the answer to both questions is negative. *Id*. The present proceeding is based solely on state law, not on bankruptcy law, and is the type of action that can (and often does) arise in contexts other than bankruptcy. Thus, this particular proceeding is *non*-core. *Id*. *See also In re Jones*, 410 B.R. 632 (Bankr. D. Idaho 2009).

Some bankruptcy courts have been tempted to avoid the conclusion that a particular proceeding is non-core by turning to 28 U.S.C. § 157(b)(2)(A) and (O), both of which are phrased very broadly. In that regard, bankruptcy courts have been cautioned that:

> Clearly, subsections 157(b)(2)(A) and (O) should not be interpreted to include related non-core proceedings since 28 U.S.C. § 157(c)(1) specifically prevents a bankruptcy judge from rendering final judgments in such instances. A common sense interpretation of the term "core" would dictate that it include only those proceedings which are specifically defined in subsections (b)(2)(B) through (N) or in the Bankruptcy Code itself.

*In re American Energy, Inc.*, 50 B.R. 175, 178 (Bankr. D. N.D. 1985).

Put another way, it would be wrong to interpret 28 U.S.C. §§ 157(b)(2)(A) and (O) so broadly as to make proceedings *not* based on rights created by federal bankruptcy law, and which could arise outside of bankruptcy, into core proceedings. If those sub-sections were so broadly construed, they would run afoul of *Marathon* and thus be rendered unconstitutional. A proceeding like this one, involving purely state law claims which could

**Page 5 of 13** PLAINTIFF'S MOTION FOR ORDER FINDING ATTEMPTED REMOVAL VOID OR FOR REMAND

**GREENE & MARKLEY, P.C.**
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

arise outside of bankruptcy, is thus a *non*-core proceeding. Nothing in subsections 157(b)(2) (A) or (O) changes that conclusion.

D.    Effect of Stern & Arkinson.

The rule of *Stern v. Marshall*, 131 S. Ct. 2594 (2011), is that even if a particular proceeding is technically a core proceeding under 28 U.S.C. § 157, the bankruptcy court still lacks the power to hear and decide that proceeding if the claims or defenses involve purely "private rights", the resolution of which are within the exclusive purview of the Judicial Branch under Article III of the U.S. Constitution. *Stern*, 131 S. Ct. at 2611. *Stern* thus reminds the lower courts that the "core/non-core" statutory scheme in 28 U.S.C. § 157 cannot trump the constitutional limits explained in *Marathon*. This particular proceeding is a state-law dispute involving only "private rights" and thus, even if it is improperly classified as a "core" claim, it qualifies as a "*Stern* claim."

*Executive Benefits Ins. Agency v. Arkinson*, 134 S. Ct. 2165 (2014), builds upon *Stern* by clarifying the appropriate procedure to handle a "*Stern* claim" (*i.e.*, one that is classified by statute as a core matter, but which may not be adjudicated to final judgment in the bankruptcy court per *Stern*). In *Arkinson*, the Supreme Court ruled that a *Stern* claim may properly be resolved under the same procedures that apply to non-core matters under 28 U.S.C. § 157(c)(1). In the non-core setting, assuming neither party has a right to a jury trial, the bankruptcy court (absent consent) conducts all proceedings with regard to the claim (including trial), and then submits proposed findings of fact and conclusions of law to the district court, which makes a final ruling after *de novo* review. The bottom line is that, whether technically core or non-core, this particular proceeding will have to be treated as non-core if remand is denied.

E.    Effect of Right to Jury Trial.

Plaintiff has demanded a jury trial. If either party has a right to a jury trial, then

**GREENE & MARKLEY, P.C.**
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

under 28 U.S.C. § 157(e) the bankruptcy court "may conduct the jury trial . . . [only] with the express consent of all of the parties." In other words, if there is a right to a jury trial, either party has an absolute veto over the bankruptcy court's power to conduct that jury trial. There is, of course, no doubt that plaintiff has a right to a jury trial under the applicable state law in this particular proceeding. Under such circumstances, plaintiff is entitled to a jury trial under 28 U.S.C. § 1411(a). Plaintiff has elected not to consent to a jury trial conducted by the bankruptcy court. Thus, not only is this proceeding non-core, but the jury trial must be conducted by the district court if this proceeding stays in federal court.

F.      Weighing Of Factors For Equitable Remand.

With the above explanation of the posture of this case, and the procedural realities involved, the next task is to weigh the factors which govern equitable remand. Plaintiff seeks equitable remand under 28 U.S.C. § 1452(b), which provides "an unusually broad grant of authority" to remand *on any equitable ground. In re McCarthy*, 230 B.R. 414, 417 (9th Cir. BAP 1999). Judge Perris recently conducted this remand analysis in *Cox et al. v. Holcomb Family Limited Partnership et al.*, Adv. Proc. No. 14-3260. A copy of Judge Perris' letter opinion dated January 8, 2015 is attached.

As Judge Perris explained, the appropriate analysis involves the application of fourteen factors set forth in *In re Cedar Funding, Inc.*, 419 B.R. 807, 820 (9th Cir. BAP 2009). Those fourteen factors are:

> (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding; (5) jurisdictional basis, if any, other than § 1334; (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the

**GREENE & MARKLEY, P.C.**
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.

As to this particular proceeding, the *Cedar Funding* factors weigh heavily in favor of a remand to state court. As to factor number one, remand will have nothing but a positive effect on the efficient administration of the bankruptcy estate. That is because the state court can resolve all pretrial disputes and conduct the jury trial by itself, without the second-level procedure of *de novo* review required in bankruptcy court as to pre-trial matters and a jury trial in another court. As to factor number two, there are no bankruptcy issues. Only state-law issues are involved. Thus, factor number two supports remand.

As to factor number three, the applicable Oregon law is both difficult and unsettled. The Oregon state courts have held that, notwithstanding the completion of a non-judicial foreclosure, the borrower is *not* precluded from seeking remedies for a defective foreclosure. *Staffordshire Investments, Inc. v. Cal-Western Reconveyance Corp.*, 209 Or. App. 528, 149 P.3d 150 (2006). The case law in the District of Oregon reaches the *opposite* conclusion. The District Court for the District of Oregon, purporting to apply the same Oregon law, has held that the completion of a non-judicial foreclosure *precludes* claims for defective foreclosure. *Mikityuk v. Northwest Trustee Services, Inc.*, 952 F. Supp. 2d 958 (D. Or. 2013). The latest Oregon Court of Appeals opinion has now reached a result *directly opposite* to that reached in *Mikityuk. See Wolf v. GMAC Mortgage*, 276 Or. App. 451 (2016) (copy attached).

In *Wolf*, the Oregon Court of Appeals held that:

> "Because *former* ORS 86.770(1) (2011) [now ORS 86.797(1)] applies only to a "trustee's sale," **it cannot preclude a post-sale challenge to the sale of Wolf's property by someone who was not, in fact, the trustee,** which is what Wolf alleged – and GMAC did not dispute on summary judgment – happened here.

**GREENE & MARKLEY, P.C.**
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

276 Or. App. at 549 (emphasis added).

Because this matter is governed exclusively by Oregon law, 28 U.S.C. § 1652, an Oregon state court is better suited to decide this apparent conflict. That is especially true given the new *Wolf* case, which shows that the federal courts have been misinterpreting Oregon law for many years.

Factor number four is neutral, because there is (at present) no related proceeding in state court – but that is only because of plaintiff's removal. Factor number five favors remand, because there is no independent federal jurisdiction as to this proceeding other than "related to" bankruptcy jurisdiction. Factors six and seven also favor remand. The substance of this proceeding is remote from the bankruptcy case, in that it involves state law claims rather than bankruptcy law claims having to do with the administration of the estate. Factor eight favors remand as well, in that there is no problem with allowing the judgment to be entered in state court in this proceeding. Factor nine favors remand, in that the trial will take place in state court rather than burdening the bankruptcy court's docket. As to factor 10, defendants are clearly forum-shopping to avoid the *Wolf* case and other Oregon law cases they do not like, hoping that this court will follow the now discredited federal cases instead. Factor number 11, the existence of a right to jury trial, favors remand given plaintiff's demand for a jury trial and the restrictions on the bankruptcy court's ability to conduct a jury trial.

As to factors 12, 13, and 14, those factors all favor remand as well. Factor 12, the presence of non-debtor parties, favors a remand to state court. Such non-debtor parties should have their liabilities under state law determined in state court, the usual forum for state-law disputes, rather than in the specialized and unusual forum of bankruptcy court. That Cobalt here prefers bankruptcy court, an unusual choice, shows that Cobalt is indeed forum shopping. Factor number 13, comity, favors remand based on the disagreement

**Page 9 of 13** PLAINTIFF'S MOTION FOR ORDER FINDING ATTEMPTED REMOVAL VOID OR FOR REMAND

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

between Oregon's state and federal courts. As a matter of comity, federal courts should defer to state courts as to the interpretation of state law. *See* 28 U.S.C. § 1652 (deferring to *state* law). Factor number 14, prejudice to other parties, is not present here. Certainly defendants cannot argue that they will be prejudiced if they must try purely state-law claims in a state court.

Judge Perris, in the *Holcomb* case (copy attached), granted a motion for remand on factors less clear than those present here. She did the same in *In re Roman Catholic Archbishop of Portland In Oregon*, 338 B.R. 414 (Bankr. D. Or. 2006). This court recently did so as well in *Arnot v. Recontrust Company, N.A.*, Adv. Proc. No. 15-03091-rld, a case identical to this one. A copy of this court's remand order is attached, along with a copy of a transcript of the initial hearing on that motion. This court should do so here as well.

G.     None of The Purchasers Are "BFP's."

It is a bedrock principal of Oregon law that whether or not one is a BFP is an issue of fact that must be determined based on many facts, including facts relating to both actual *and* constructive notice. *Raymond v. Flavel*, 27 Or 219, 40 P 158 (1895).

Defendants have three big hurdles to overcome to prove that any purchaser is a BFP. Defendants cannot overcome any of the hurdles, let alone all three:

(1)     The purchasers' "actual knowledge,"

(2)     The purchasers' "constructive knowledge" and

(3)     Did the purchasers rely on the recitals in the Trustee's Deed when they purchased the property?

ORS 86.803 (*formerly* 86.780).

All three hurdles must be overcome. But in this case, defendants cannot overcome any of the hurdles. Specifically:

(1)     *Actual Knowledge*. Obviously, whether a party has "actual knowledge" is a fact question. *Raymond v. Flavel*, 27 Or 219, 241, 40 P158 (1895). What did the

**Page 10 of 13** PLAINTIFF'S MOTION FOR ORDER FINDING ATTEMPTED REMOVAL
          VOID OR FOR REMAND

**GREENE & MARKLEY, P.C.**
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

purchasers know and when did they know it?  Clearly the answer to the question requires discovery and convincing a jury of the "facts", one way or the other.  "If a person has actual notice of latent equities, and purchases notwithstanding, the presumption of *mala fides* is irresistible, or rather they take the estate laden with the equities, and stand in no better position than their grantor."  27 Or at 241.[1]

(2)    *Constructive Knowledge*.  The Oregon Supreme Court recently defined "constructive knowledge" in the context of real property law:

> "Constructive notice" can be of two species: That resulting from recordation (ORS 93.710) – "record notice"; and that resulting from a duty to inquire – "inquiry notice."

*Spady v. Graves*, 307 Or 483, 488, n.3, 770 P2d 53 (1989) (citation omitted).

What would "record notice" show to the purchasers?  That is, if the purchasers actually reviewed the real property records before they bought the Property, would they find the defect in the title?  Would they find that the Appointment of the Successor Trustee was invalid?  If so, they are chargeable with notice of the state of their own title:

> It was argued here that the defendant is a bona fide purchaser, and therefore its title could not be disturbed.  It is not perceived in the present condition of this record that the question of good faith enters into the case.  The very defect complained of constitutes an essential part of the defendant's title, and it must be held to be chargeable with notice of the state of its own title and of every fact appearing in any of the deeds or writings through which it deraigns title.

*Coulter v. Portland Trust Co.*, 20 Or 469, 483-84, 26 P 565 (1891).

The answer to what the purchasers would find if they searched the title to the Property is easy.  First, the purchasers would find the original deed of trust, which identifies the true "beneficiary" (the party to whom the money is owed).  Then, the

---

[1] Defendants have the burden of proof on the BFP issue.  *Nelson v. Hughes*, 290 Or 653, 665 (1981); *Stevens v. American Sav. Inst., Inc.,* 289 Or 349, 354-55 (1980).

**GREENE & MARKLEY, P.C.**
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

purchasers would also see that the Appointment of Successor Trustee was not signed by the "true beneficiary", but by MERS as an imposter. As the Oregon Supreme Court has explained:

> In the trust deed at issue here, MERS is "named" as the beneficiary * * *. But MERS is not "the person for whose benefit the trust deed is given." Rather, the terms of the trust deed "designate" the "Lender" (Greenpoint) as that person * * *. Thus, for purposes of the requirement for nonjudicial foreclosure that "any assignments of the trust deed by the * * * beneficiary" be recorded, **the "beneficiary" of the trust deed is Greenpoint or its successors, and not MERS**."

*Niday v. GMAC Mortgage, LLC*, 353 Or at 658 (emphasis added).

What's the effect of an "imposter" like MERS signing the Appointment of Successor Trustee? As mentioned above, that question is completely answered by *Wolf*:

> In other words, in the absence of a validly appointed trustee, there is no "trustee" at all for purposes of the OTDA – and, hence, no "trustee's sale" with the power to foreclose other persons' property interests.

*Wolf v. GMAC*, 276 Or App at 547.

The presence of MERS, and the legally void appointment of Cal-Western as trustee by MERS, was in a *recorded document*, obviously apparent on the face of the real property record. Thus, the purchasers were on "record notice." Under Oregon law, regardless of whether or not an inquiry is *actually made*, a purchaser is charged with *record notice*. *Vandehey Development Co. v. Suarez*, 108 Or App. 154, 158, 814 P2d 1094, *rev denied*, 312 Or 235, 819 P2d 731 (1991) ("[w]hether or not defendants made inquiry, they are charged with notice of every fact that a reasonable inquiry would have disclosed").

Thus, the purchasers are charged with "constructive notice." They are bound by knowledge that the Appointment of Successor Trustee is invalid. They are also bound by the knowledge that the Appointment was the root instrument from which all other deeds grew. Accordingly, as a matter of law no purchaser was a BFP because each such

**GREENE & MARKLEY, P.C.**
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

purchaser had "constructive notice" of all those facts. They had constructive notice that the Appointment was invalid, and thus the Trustee's Deed and all subsequent deeds were invalid.

(3) *Did the purchasers rely on the recitals in the Trustee's Deed when they purchased the property?*

ORS 86.803 (*formerly* 86.780) provides BFP status to a "purchaser for value in good faith" **relying on the recitals of the Trustee's Deed**. An inspection of that instrument shows that **there are no recitals to the effect that the successor trustee was properly appointed**. None. Not a word. Since there are no such recitals, it follows that the purchasers did not and could not rely on such non-existent recitals. Therefore, defendants cannot rely on ORS 86.803 for the purchasers' supposed BFP status.

Second, even if there were such recitals, did the purchasers actually rely on them? Did they even see them? Have they ever seen the Trustee's Deed? Obviously, those are issues of fact as well on which defendants have the burden of proof. Thus, it would be most incorrect to simply assume that any purchaser involved here qualifies as a BFP.

<u>CONCLUSION</u>

The court should enter an order finding defendants' attempted removal void or, in the alternative, remanding this proceeding to state court.

DATED this 22nd day of April, 2016.

GREENE & MARKLEY, P.C.

By /s/ Sanford R. Landress
    Charles R. Markley, OSB #75240
    charles.markley@greenemarkley.com
    Sanford R. Landress, OSB #81438
    sanford.landress@greenemarkley.com
    Telephone: (503) 295-2668
    Attorneys for Plaintiff

**GREENE & MARKLEY, P.C.**
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

# UNITED STATES BANKRUPTCY COURT
### DISTRICT OF OREGON

ELIZABETH L. PERRIS
BANKRUPTCY JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1536

DIANE K. BRIDGE, LAW CLERK

**TRANSMITTED VIA ECF**

January 8, 2015

John W. Stephens
Esler, Stephens & Buckley, LLP
121 SW Morrison St. Ste. 700
Portland, OR  97204-3183

Laura J. Walker
1001 SW 5th Ave. #2000
Portland, OR  97204

Thomas R. Johnson
Perkins Coie LLP
1120 NW Couch St, 10th Floor
Portland, OR  97209-4128

Timothy S. Dejong
Stoll Stoll Berne Lokting & Shlachter PC
209 SW Oak St. Ste. 500
Portland, OR  97204

Thomas A. Larkin
Stewart Sokol & Larkin LLC
2300 SW 1st Ave. #200
Portland, OR  97201-5047

> Re:  <u>Cox et al. v. Holcomb Family Limited Partnership et al.</u>
>      Adv. No. 14-3260

Dear Counsel:

The purpose of this letter is to give you my ruling on plaintiffs' Motion for Remand, which was heard yesterday.  The arguments of counsel were very helpful.  Based on my review of the motion and documents submitted to the court in support of and in opposition to the motion, as well as my consideration of the arguments of counsel, I conclude that remand is appropriate in this case.

Plaintiffs filed this class action complaint alleging violation of Oregon securities law arising from their purchase of

John W. Stephens
Laura J. Walker
Thomas R. Johnson
Timothy S. Dejong
Thomas A. Larkin
January 8, 2015
Page 2

securities issued by Berjac of Oregon and Berjac of Portland,
which subsequently merged ("Berjac").  Defendants are an Oregon
individual and Oregon entities that are alleged to have
materially aided or otherwise played an essential role in the
fraud relating to the sale of the Berjac securities.

Berjac is a debtor in bankruptcy.  Michael Holcomb and Gary
Holcomb were general partners of Berjac.  Involuntary petitions
for bankruptcy relief were entered against both of them.  The
complaint alleges that Berjac, Michael Holcomb, and Gary Holcomb
are not named as defendants in this action because they are
debtors in bankruptcy.

The complaint was filed in state court.  Defendants removed
the case to federal court, alleging federal jurisdiction under
the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2),
and bankruptcy "related to" jurisdiction under § 28 U.S.C.
§ 1334(b).  On motion by plaintiffs, the district court declined
to exercise jurisdiction under the CAFA and referred the
complaint to this court to decide plaintiffs' motion for remand
to state court.

1.    Abstention

Plaintiffs ask this court to abstain from hearing this
adversary proceeding, arguing that both permissive and mandatory
abstention under 28 U.S.C. § 1334(c) apply.

For the reasons set out in Security Farms v. Internat'l
Brotherhood of Teamsters, 124 F.3d 999, 1009 (9th Cir. 1997), I
conclude that abstention is not applicable here, where the case
has been removed to federal court.  Therefore I will not abstain.

2.    Equitable Remand

Plaintiffs ask the court to remand to state court under the
equitable remand provision of 28 U.S.C. § 1452(b), which allows
the court to remand "on any equitable ground."

    a.    Preliminary matters

Defendants argue that plaintiffs waived the right to seek
remand by amending their complaint to drop two of the claims for

John W. Stephens
Laura J. Walker
Thomas R. Johnson
Timothy S. Dejong
Thomas A. Larkin
January 8, 2015
Page 3

relief. I agree with plaintiffs that they did not waive the right to seek remand by amending their complaint.

Plaintiffs argue that the district court effectively decided the remand motion in its analysis of the discretionary "interests of justice" exception to CAFA jurisdiction, so law of the case applies for purposes of equitable remand. I disagree. The district court considered different factors in deciding the CAFA issue from the factors that are relevant to equitable remand.

     b.   Weighing of factors for equitable remand

Plaintiffs seek equitable remand under 28 U.S.C. § 1452(b), which provides "an unusually broad grant of authority" to remand on any equitable ground. In re McCarthy, 230 B.R. 414, 417 (9th Cir. BAP 1999). Although courts have applied various tests, I conclude that it is appropriate to start with the 14 factors set out in In re Cedar Funding, Inc., 419 B.R. 807, 820 (9th Cir. BAP 2009), and also to consider judicial economy and "the effect of bifurcating the claims and parties" and "the possibilities of inconsistent results." In re Sequoia Village, LLC, 2012 WL 478926 at *1 (Bankr. D. Or. 2012).[1]

-------------------------------------------------------------

    [1]   The fourteen factors from Cedar Funding, Inc. are:

(1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding; (5) jurisdictional basis, if any, other than § 1334; (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in
                                                      (continued...)

John W. Stephens
Laura J. Walker
Thomas R. Johnson
Timothy S. Dejong
Thomas A. Larkin
January 8, 2015
Page 4

Some of the factors support retaining this adversary proceeding in bankruptcy court, some are neutral, and some support remand. On balance, I conclude that the factors supporting remand outweigh any factors that support keeping this case in bankruptcy court.

        i.    <u>Factors favoring retention</u>

I do not find that state securities law is so difficult or unsettled as to weigh in favor of state court. Further, there is no related litigation in a forum other than the bankruptcy court.

There is no evidence of prejudice to plaintiffs by keeping the case in federal court. Plaintiffs' arguments about added expense or more stringent pleading rules is not the kind of prejudice that would weigh in favor of remand.

        ii.  <u>Neutral factors</u>

Factors (7) and (8) from the <u>Cedar Funding</u> case seem to apply only to core proceedings. This is not a core proceeding, so the factors are not applicable and are neutral to the remand decision.

I do not see that there is forum shopping by either plaintiffs or defendants, other than the usual dispute over which court is the appropriate forum for trial.

Nor do I think that comity is implicated here, where the complaint was removed from state court promptly. Thus, comity is a neutral factor.

        iii. <u>Factors favoring remand</u>

I conclude that more factors weigh in favor of remand, and

---

[1](...continued)
the proceeding of nondebtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.

<u>Id.</u> at n.18 (citing <u>In re Enron Corp.</u>, 296 B.R. 505, 508 n.2 (C.D. Cal. 2003)).

John W. Stephens
Laura J. Walker
Thomas R. Johnson
Timothy S. Dejong
Thomas A. Larkin
January 8, 2015
Page 5

that some of these factors weigh particularly heavily in favor of remand.

    The only claim in this complaint is a state law claim for violation of Oregon securities laws.  Most of the plaintiffs (who chose to sue in state court) and all of the defendants are Oregonians.  The conduct alleged occurred in Oregon in relation to securities issued by an Oregon entity.  None of the parties are debtors in bankruptcy.  There is no jurisdictional basis other than "related to" jurisdiction under 28 U.S.C. § 1334. These factors weigh heavily in favor of remand.

    Although there will likely be some effect on the administration of the bankruptcy estates of Berjac, Michael Holcomb, and Gary Holcomb, this effect is not significant.  If there are contribution claims to be asserted depending on the outcome of this litigation, those claims can be dealt with in the bankruptcy claims process.  Also, it is not clear to me that this claim would be resolved more quickly in bankruptcy court than in state court.  It could take some time in either forum.

    This adversary proceeding is not closely related to the main bankruptcy case.  Unlike in the Archdiocese case where the claims were asserted against the debtor, here the claim is being asserted against third parties.  The possible existence of contribution claims does not closely tie this claim to the bankruptcy case.

    Keeping this case in federal court could burden the bankruptcy court's docket.  That court already has a number of adversary proceedings in the Berjac and the two Holcomb cases. Adding another in which a class action is asserted would increase the burden on that court.

    The parties seem to agree that there is a right to a jury trial on this claim.  The bankruptcy court cannot try a case to a jury without the consent of the parties.  Therefore, it is likely that this case will need to be transferred from the bankruptcy court to some other court, either to district court if the case stays in federal court, or to the state court on remand.  Because the bankruptcy court cannot try this adversary without consent, the right to a jury trial weighs in favor of remand to state

John W. Stephens
Laura J. Walker
Thomas R. Johnson
Timothy S. Dejong
Thomas A. Larkin
January 8, 2015
Page 6

court, where the court dealing with the pretrial matters can also conduct the jury trial.

Defendants have not convinced me that judicial economy will be served by keeping this adversary proceeding in bankruptcy court.  Although they argue that certain discovery could be consolidated with the discovery in the Berjac trustee's case against them, even defendants do not claim that the cases could be consolidated for trial.  I agree with plaintiffs that it could be confusing for one jury to hear evidence on securities fraud claims at the same time as hearing evidence about fraudulent conveyance claims.  I also agree with plaintiffs that, to the extent there is overlapping discovery to be done on this case and the Berjac trustee case, counsel can work out an efficient method for obtaining that discovery.

At the hearing, plaintiffs' counsel presented to the court a pleading from the Berjac trustee who asserted that, if consolidation of his case and this case were requested, he would oppose it.  This reinforces my view that these two complaints are not so closely related - and this complaint is not so closely related to the bankruptcy estates - that it would be more efficient to try them together in bankruptcy or district court.

Finally, I am not convinced that there is a serious danger of inconsistent results from trying this case in state court and the Berjac trustee action in federal court.  The claims asserted in the two complaints are based on very different theories, even though some of the underlying facts alleged are the same.

CONCLUSION

Based on my consideration of all of the factors, I conclude that this complaint should be remanded to state court.  This is an Oregon law claim asserted by largely Oregon plaintiffs against Oregon defendants.  The claim asserted is not closely connected to this bankruptcy case, the defendants acknowledge that trial of the claims against them asserted by the Berjac trustee should not be consolidated with trial of this complaint, and the Berjac trustee will oppose any consolidation.  There is no indication that the state court cannot timely resolve this litigation.  The effect of the outcome of this case will have on the bankruptcy estates of Berjac, Michael Holcomb, and Gary Holcomb can be

John W. Stephens
Laura J. Walker
Thomas R. Johnson
Timothy S. Dejong
Thomas A. Larkin
January 8, 2015
Page 7

easily dealt with by the bankruptcy court.  The factors favoring
remand heavily outweigh the factors that weigh in favor of
retaining this adversary proceeding in bankruptcy court.

Mr. Stephens should submit an order denying the motion for
abstention and granting the motion for remand.  Because I am
retiring on January 11, 2015, I would appreciate receiving the
order no later than noon on January 9, so I can enter it while I
am still here.

Very truly yours,

ELIZABETH L. PERRIS
Bankruptcy Judge

cc:  Kenneth Eiler

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Matthew F. WOLF,
*Plaintiff-Appellant,*

*v.*

GMAC MORTGAGE, LLC,
*Defendant-Respondent.*

Yamhill County Circuit Court
CV120134

GMAC MORTGAGE, LLC,
*Plaintiff-Respondent,*

*v.*

Matthew F. WOLF,
*Defendant-Appellant.*

Yamhill County Circuit Court
110021032E

A154115

John L. Collins, Judge.

Argued and submitted January 21, 2015.

Thomas Cutler argued the cause for appellant. With him on the brief were Ronald R. Heard and Harris Berne Christensen LLP.

Emilie K. Edling argued the cause for respondent. With her on the brief were Houser & Allison, APC, and William G. Fig and Sussman Shank LLP.

Before Lagesen, Presiding Judge, and Flynn, Judge, and De Muniz, Senior Judge.

FLYNN, J.

Reversed and remanded.

**FLYNN, J.**

This case presents an appeal from judgments in actions that were consolidated below. It requires us to determine whether a borrower who has actual notice that his property is being sold at a trustee's sale under the Oregon Trust Deeds Act (OTDA),[1] is barred from later challenging the sale on the grounds that the entity that executed the sale was neither a validly appointed successor trustee nor the agent of a trustee. We conclude that a person's property interest under *former* ORS 86.770(1) (2011), *renumbered as* ORS 86.797 (2013), cannot be terminated unless a "trustee" as defined in the OTDA executed the sale. Because the trial court erred in construing *former* ORS 86.770(1) (2011) as prohibiting all post-sale challenges by those with actual notice of the sale, we reverse and remand.

BACKGROUND

Following a trustee's sale at which GMAC Mortgage, LLC (GMAC) purchased real property that Matthew Wolf had used as security for a loan obligation, GMAC filed an action against Wolf for forcible entry and detainer (FED) to recover the property. Wolf filed a separate action for declaratory relief that Wolf owns the property free of any interest claimed by GMAC, alleging that multiple violations of the OTDA, including that the sale was not conducted by a "trustee" within the meaning of the act, made the sale invalid. After the two actions were consolidated for trial, GMAC filed a motion for summary judgment on Wolf's declaratory claims. In moving for summary judgment, GMAC did not challenge Wolf's ability to prove any of the facts alleged in his complaint, but argued that *former* ORS 86.770(1) (2011)

---

[1] As the Supreme Court has explained:

"The OTDA *** was enacted in 1959 to provide an alternative to the judicial foreclosure process. Ronald Brady Tipperts, *Note, Mortages—Trust Deeds in Oregon*, 44 Or L Rev 149, 149-50 (1965). That nonjudicial alternative is available when the parties use a trust deed to secure the loan. A trust deed is a deed executed under the OTDA that 'conveys an interest in real property to a trustee in trust to secure the performance of an obligation the grantor or other person named in the deed owes to a beneficiary.' ORS 86.705(7). The OTDA permits the trustee appointed under a trust deed to advertise and sell the property to the highest bidder without judicial involvement. ORS 86.710; [*former*] ORS 86.755 [(2011), *renumbered as* ORS 86.782 (2013)]."

*Brandrup v. ReconTrust Co.*, 353 Or 668, 676, 303 P3d 301 (2013).

operated to foreclose and terminate Wolf's property interest after the trustee's sale, regardless of legal deficiencies in the sale, based on the undisputed facts that the property was sold at a trustee's sale, that Wolf had actual notice months before the sale, and that he took no action to delay or stop the sale. The trial court agreed, granted GMAC's motion for summary judgment, and entered a limited judgment in GMAC's favor in the declaratory action. In addition, the parties agreed that the court's construction of the statute disposed of the FED dispute, and the court entered a stipulated general judgment of restitution in favor of GMAC on the FED action. The stipulated judgment expressly preserves Wolf's right to appeal to challenge the court's construction of *former* ORS 86.770(1) (2011), and Wolf filed timely notices of appeal from both the limited judgment and the stipulated general judgment.

## DISCUSSION

Wolf argues that *former* ORS 86.770(1) (2011) did not foreclose or terminate his interest in the property because, among other problems, the trustee's sale at which GMAC purchased the property was not conducted by someone who qualified as a "trustee." The trial court did not address—and we do not reach—the merits of Wolf's premise that the sale was not conducted by a "trustee," but we briefly explain the basis for that argument to provide context for the arguments raised in the summary judgment motion.

Wolf borrowed $168,000, for which he executed a note that was secured by a trust deed on property located in Newberg, Oregon. The lender named Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary in the trust deed, and MERS appointed LSI Title Company (LSI) as "successor trustee." In June 2010, LSI executed a notice of default and election to sell the property, which were personally served on Wolf and recorded in Yamhill County. On April 1, 2011, LSI sold the property to GMAC. GMAC's action to recover the property from Wolf, and Wolf's declaratory action, followed.

Wolf argues that MERS was neither the trustee of the trust deed secured by Wolf's property nor a beneficiary

authorized to appoint a successor trustee and, therefore, lacked authority to foreclose on the deed by the OTDA mechanism of a trustee sale. He also argues that MERS lacked authority to appoint LSI as a "successor trustee" to execute the sale. He relies on the Supreme Court's decisions in *Brandrup v. ReconTrust Co.*, 353 Or 668, 688, 303 P3d 301 (2013), and *Niday v. GMAC Mortgage, LLC*, 353 Or 648, 658, 302 P3d 444 (2013), which upheld similar challenges to MERS's authority.

On appeal, GMAC argues that, regardless of any violations of OTDA provisions, *former* ORS 86.770(1) (2011) prevents Wolf from raising his challenge to the validity of the sale, because the legislature intended trustees' sales to terminate the property interest of persons to whom notice of the sale was given, in order to promote the interests of certainty and finality.[2]

The parties' arguments require us to determine the legislature's intention in enacting the statute, and we do so by applying the framework for statutory construction set forth in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), as modified by *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). Under that framework, we first examine the text of the statute and its context. *Gaines*, 346 Or at 171. If useful, we also may consider the statute's legislative history. *Id.* at 171-73.

*Former* ORS 86.770(1) (2011) provides:

"If, under ORS 86.705 to 86.795, a trustee sells property covered by a trust deed, the trustee's sale forecloses and terminates the interest in the property that belongs to a person to which notice of the sale was given under ORS 86.740 and 86.750 or to a person that claims an interest by, through or under the person to which notice was given. A person whose interest the trustee's sale foreclosed and terminated may not redeem the property from the purchaser at the trustee's sale. A failure to give notice to a person entitled to notice does not affect the validity of the sale as to persons that were notified."

---

[2] Although GMAC argues that the record is "devoid of any evidence regarding who appointed the foreclosing trustee," GMAC's motion for summary judgment was not based on failure of plaintiff's proof but, rather, on the ground that *former* ORS 86.770(1) (2011) precluded such proof as a matter of law.

Wolf argues that the words "under ORS 86.705 to 86.795" require the trustee's sale to be conducted pursuant to and in accordance with all the provisions of the OTDA. In other words, a failure to strictly comply with one or more provisions of the OTDA, Wolf argues, renders *former* ORS 86.770(1) (2011) inapplicable and the trustee's sale invalid. GMAC responds that the statute does not mandate strict compliance with every provision of the OTDA in order for a trustee's sale to be valid.

We need not resolve, however, whether *former* ORS 86.770(1) (2011) requires strict compliance with every provision of the OTDA before a person's property interests will be terminated by a trustee's sale.[3] The trial court construed *former* ORS 86.770(1) (2011) to preclude every form of post-sale challenge raised by Wolf, and granted summary judgment on that basis. Our conclusion that the trial court erroneously construed the scope of *former* ORS 86.770(1) (2011) requires us to reverse the grant of summary judgment.

We conclude that the participation of a "trustee" is so fundamental to a "trustee's sale" that a sale cannot foreclose and terminate an individual's property interest under *former* ORS 86.770(1) (2011) unless that sale is conducted by an actual trustee. The statute's text, read in context, supports that conclusion. The phrase, "[i]f, under ORS 86.705 to 86.795, a *trustee* sells property covered by a trust deed," when read in light of the OTDA as a whole, can refer only to a sale conducted by the trustee. *Former* ORS 86.770(1) (2011) (emphasis added). The OTDA defines a "trustee" in terms of a legal relationship: For purposes of the OTDA, "'[t]rustee' means a person, other than the beneficiary, *to whom a trust deed conveys an interest in real property*, or the person's successor in interest." *Former* ORS 86.705(8) (2011), *renumbered as* ORS 86.705(9) (2013) (emphasis added). Thus, the "trustee" under the OTDA is a creature of statute with a defined legal

---

[8]. In addition to alleging that no valid "trustee" conducted the sale, the complaint alleged other violations of the OTDA, such as the failure to record certain assignments of the note and trust deed, *see former* ORS 86.735(1) (2011), *renumbered as* ORS 86.752(1) (2013); defects in required affidavits under *former* ORS 86.750(3) (2011), *renumbered as* ORS 86.774(3) (2013); *former* ORS 86.750(4) (2011), *renumbered as* ORS 86.774(4) (2013); and improper payment procedures at the time of sale, *see former* ORS 86.755(1) (2011), *renumbered as* ORS 86.782(1) (2013); *former* ORS 86.755(3) (2011), *renumbered as* ORS 86.782(3) (2013).

relationship to the beneficiary of the trust deed and to the real property in which the trust deed secures an interest.

The power of sale under the OTDA is likewise conferred by statute—and, importantly, is conferred only upon a trustee. *See* ORS 86.710 (where transfer in trust of an interest in real property is made pursuant to provisions of the OTDA, power of sale is conferred only upon "the trustee"); *see also former* ORS 86.790(3) (2011), *renumbered as* ORS 86.713 (2013) (stating that the beneficiary may appoint in writing a "successor trustee"); ORS 86.735 (2011), *amended by* Or Laws 2013, ch 304, § 10; Or Laws 2013, ch 625, § 4, *renumbered as* ORS 86.752 (2013) (authorizing "[t]he trustee" to foreclose a trust deed by advertisement and sale only if certain requirements are met). In other words, in the absence of a validly appointed trustee, there is no "trustee" at all for purposes of the OTDA—and, hence, no "trustee's sale" with the power to foreclose other persons' property interests.

GMAC urges us to look for context to *former* ORS 86.780 (2011), *renumbered as* ORS 86.803 (2013), under which a "statutory presumption of finality" arises when a trustee's deed is issued and recorded. *See Staffordshire Investments, Inc. v. Cal-Western*, 209 Or App 528, 543, 149 P3d 150 (2006), *rev den*, 342 Or 727 (2007). According to GMAC, that context demonstrates the legislature's intention that *former* ORS 86.770(1) (2011) should bar post-sale challenges. We conclude that the statute suggests the opposite intention. The presumption that arises under *former* ORS 86.780 (2011) is merely a rebuttable presumption if the purchaser is not a bona fide purchaser (BFP). That statute provides that the recitals contained within the deed "shall be prima facie evidence in any court of the truth of the matters set forth therein" but "shall be conclusive in favor of a purchaser for value in good faith relying upon them." *Former* ORS 86.780 (2011). Thus, if the purchaser is *not* a BFP, the statute provides only a rebuttable presumption. *See* OEC 311(2) ("A statute providing that a fact or a group of facts is prima facie evidence of another fact establishes a presumption ***."); OEC 308 ("In civil actions and proceedings, a presumption imposes on the party against whom it is directed the burden of proving that the nonexistence of the

presumed fact is more probable than its existence."). The existence of a *rebuttable* presumption suggests that the legislature, in fact, contemplated challenges to the *prima facie* evidence contained in the trustee's deed, if not the validity of the trustee's deed itself.

GMAC also argues that the legislative history emphasizes certainty and finality in foreclosure proceedings as the major public policy consideration and that allowing post-sale challenges like Wolf's challenge here "would gut the purpose of the OTDA." However, we emphasized in *Staffordshire* that "there is nothing *** in the Act, to indicate that the legislature intended the auction to be final *in the absence of legal authority to sell the property.*" 209 Or App at 542 (emphasis in original). We examined the underlying purpose behind the OTDA's statutory framework and explained:

> "The [OTDA] represents a well-coordinated statutory scheme to protect grantors from the unauthorized foreclosure and wrongful sale of property, while at the same time providing creditors with a quick and efficient remedy against a defaulting grantor ***. [I]t confers upon a trustee the power to sell property securing an obligation under a trust deed in the event of default, without the necessity for judicial action. However, the trustee's power of sale is subject to strict rules designed to protect the grantor, including provisions relating to notice and reinstatement."

*Id.*

As our discussion in *Staffordshire* demonstrates, the OTDA represents a balance of interests. Although the legislature intended to provide finality, it also intended to protect grantors from the unauthorized foreclosure and wrongful sale of property. Construing *former* ORS 86.770(1) (2011) to treat as final a sale conducted by one who is not a trustee would run afoul of the "strict rules" and "well-coordinated statutory scheme" that the legislature established for nonjudicial foreclosure. *See Staffordshire*, 209 Or App at 542. We conclude that the legislature, by referring in *former* ORS 86.770(1) (2011) to a sale by a "trustee," intended beneficiaries of trust deeds to have a quick, efficient, and final remedy through nonjudicial foreclosure, but only in the

case of a true "trustee's sale"—*i.e.*, a sale by a "trustee," as defined in ORS 86.705.[4]

Because *former* ORS 86.770(1) (2011) applies only to a "trustee's sale," it cannot preclude a post-sale challenge to the sale of Wolf's property by someone who was not, in fact, the trustee, which is what Wolf alleged—and GMAC did not dispute on summary judgment—happened here. We, thus, conclude that the trial court erred in granting summary judgment based solely on the ground that Wolf had actual notice of the trustee's sale and took no action to delay or stop it prior to the sale. The trial court's error in construing *former* ORS 86.770(1) (2011) requires reversal on this record.

Reversed and remanded.

---

[4] GMAC relies on a federal district court case that predicted that the Oregon appellate courts would conclude that a borrower who received pre-sale notice of a trustee's sale cannot mount a post-sale challenge to the validity of the sale, pursuant to *former* ORS 86.770(1) (2011). *Mikityuk v. Northwest Trustee Services, Inc.*, 952 F Supp 2d 958, 962-70 (D Or 2013). The federal district court's decision is helpful only to the extent that its analysis is persuasive, and, for the reasons described above, we are not persuaded by *Mikityuk*'s interpretation of the legislature's intention.

1   Below is an Order of the Court.

2

3

4

5

6                                    

7                                    RANDALL L. DUNN
                                     U.S. Bankruptcy Judge

8

9

10              UNITED STATES BANKRUPTCY COURT

11                     DISTRICT OF OREGON

12   In re                          )
                                    )   Case No. 11-40303-rld7
13   CLIFFORD STANLEY CROSKREY and  )
     HELEN RAE CROSKREY,            )   Chapter 7
14                                  )
                                    )
15           Debtors.               )   Adversary Proceeding
                                    )   No. 15-03091-rld
16   _____)
                                    )
17   STEPHEN P. ARNOT, Chapter 7 Trustee, )
                                    )   ORDER OF REMAND TO STATE
18           Plaintiff,             )   COURT
                                    )
19           v.                     )
                                    )
20   RECONTRUST COMPANY, N.A.,      )
     JOSHUA R. CHENEY and THE BANK OF )
21   NEW YORK MELLON,               )
                                    )
22           Defendants.            )
                                    )
23        This matter came before the court on July 21, 2015, on plaintiff's Motion for Order

24   Finding Defendants' Attempted Removal Void or For Remand (the "Motion").  Charles

25   R. Markley appeared for plaintiff.  James P. Laurick appeared for defendants Recontrust

26   Company, N.A. and The Bank of New York Mellon (the "Remaining Defendants").  The

**Page 1 of 3 -   ORDER OF REMAND TO STATE COURT**

1 court having reviewed the Motion, and being fully advised,

2     FINDS as follows:

3     A.    This court has jurisdiction to hear and determine the Motion pursuant to 28

4 U.S.C. § 1334(b).

5     B.    The issue of whether or not the removal was procedurally defective is moot

6 given this court's decision to remand this proceeding to state court.

7     C.    The absence of any bankruptcy law issues, and the fact that only state-law   *RWD*

8 issues are involved, supports remand, *as discussed on the record at*

9 *the hearing. RWD* ~~D.    The applicable Oregon law is both difficult and unsettled, supporting~~

10 remand, in that the case law from Oregon's state courts and Oregon's federal courts reach

11 different conclusions as to whether or not a debtor is precluded from seeking remedies for

12 an allegedly defective foreclosure after the completion of a non-judicial foreclosure.   *RWD*

13 *RWD*  E.    There is no problem with allowing judgment to be entered in state court,

14 which supports remand.

15     ~~F.    A trial in state court will avoid any burden on the bankruptcy court's~~

16 ~~docket, supporting remand.~~ *RWD*

17     Based on the findings set forth above, the arguments of counsel for plaintiff and

18 the Remaining Defendants, and the record herein, it is

19     ORDERED as follows:

20     1.    Plaintiff's motion for remand on equitable grounds under 28 U.S.C. §

21 1452(b) is granted.

22 ///

23 ///

24 ///

25 ///

26 ///

**Page 2 of 3 -  ORDER OF REMAND TO STATE COURT**

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

1    2.    The clerk is directed to mail a certified copy of this Order of Remand to the

2   Trial Court Administrator of the Circuit Court of Oregon, Multnomah County,

3   referencing *Arnot v. Cheney et al.*, Case No. 15CV12213.

4                                    ###

5      I hereby certify that I have complied with the requirements of LBR 9021-1(a)(2)(A).

6   Presented by:

7   /s/ Charles R. Markley
8   Charles R. Markley, OSB #75240
    charles.markley@greenemarkley.com
9   Attorneys for Plaintiff

10  \G:\Clients\7885\001\Pleadings Adversary (15-03091)\P Order Granting Remand 7.24.15.wpd

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 3 of 3 -   ORDER OF REMAND TO STATE COURT

GREENE & MARKLEY, P.C.
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434

1                                      CERTIFICATE OF SERVICE

2         I certify that on the date set forth below the foregoing ORDER OF REMAND TO

3   STATE COURT will be served in accordance with the Court's CM/ECF system to the

ECF participants of record below:

4

5   James P. Laurick, Esq.

Kilmer Voorhees & Laurick, P.C.

6   732 NW 19th Avenue

Portland, OR 97209

7   jlaurick@kilmerlaw.com

8   *Of Attorneys for Recontrust Company, N.A.*

*and The Bank of New York Mellon*

9

10        DATED this 27th day of July, 2015.

11

12                              /s/ Charles R. Markley

13                              Charles R. Markley, OSB #75240

Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 1 - CERTIFICATE OF SERVICE

LANDRESS:      Sanford Landress is here, Your Honor, for the trustee.

WESS:          Good morning, Your Honor. Tessan Wess here for defendants Bank of
               New York Mellon and Reconstruct Company.

JUDGE:         Anybody else? Now this has an interesting history. There was an
               adversary proceeding filed. We had an initial discussion about that one
               at a pretrial conference and then the trustee dismissed it without
               prejudice and then filed a state court lawsuit setting forth purely state
               court claims, state law claims and that's been removed to this court but
               I have a motion to remand. And since the issues purely are state law,
               why would I not send it back?

LANDRESS:      Sanford Landress, Your Honor, for the trustee. I don't know why you
               wouldn't send it back. We have made an argument in our filing that it
               is pretty clear. So we think you should.

JUDGE:         Alright, hearing no argument in opposition, I'm going to grant the
               motion –

RUSSILLO:      Your Honor, this is Craig Russillo. I'm sorry. My phone was on mute.

JUDGE:         (Laughing) Alright, so –

RUSSILLO:      Sorry about that. Craig Russillo for Josh Cheney.

JUDGE:         Mr. Russillo, whatever court you're in, my understanding is that your
               client is the long-suffering buyer for the foreclosure sale here, correct?

RUSSILLO:      Yes, yes.

JUDGE:         But I mean, whatever court he's in, he's going to have a bona fide
               purchaser for value argument I think against your client. I can't see
               how the trustee wins.

Case 16-03046-rld    Doc 4    Filed 04/22/16

| RUSSILLO: | Neither can I. |
|---|---|
| JUDGE: | But that can be determined by the state court as well as this court. |
| RUSSILLO: | True, Your Honor, but we believe that this court is the appropriate venue to handle the matter. We will explain that in detail – |
| JUDGE: | Well, but it's – primary state law issues legitimately are not – the trustee's asked for a jury trial, which I can't conduct, and I would suspect that your client's issues are summary judgment issues so it shouldn't take you very long whatever court you're in. Why would it not be appropriate in those circumstances for me to remand it? |
| RUSSILLO: | Well, Your Honor, first we would appreciate the ability to explain our position, response to the motion which will do – |
| JUDGE: | Well you could – the motion and I'm sure you will do it very very competently, but the factors from Cedar Funding, Inc. in relation to this case – I could go through each one of them, but it appears the majority would support a decision to remand. I mean, we've got number 2, the extent to which state law issues predominate over bankruptcy issues, 3, difficulty on subtle nature of applicable law – I think clearly the trustee's claims against parties other than your client do involve difficult or unsettled area of Oregon state law. There aren't belated proceedings commenced. I understand that. There's no jurisdictional basis other than related to jurisdiction under 1334 that applies. It's only related to the bankruptcy case to the extent that the trustee can extract money from somebody. This is not a ~~court~~ core proceeding – |
| RUSSILLO: | Well, Your Honor, this was originally filed by the trustee as an adversary – |
| JUDGE: | Right. And we discussed some of my concerns with that adversary – |
| RUSSILLO: | Right. |
| JUDGE: | But the trustee thought better if they didn't dismiss – |
| RUSSILLO: | – down in state court. The trustee's argument that this should be in state court and not bankruptcy court is a little bit hard to swallow when |

Page 2 of 5

this matter was originally brought in bankruptcy court. Yeah, granted it's slightly different but the core issues are the same.

JUDGE: That is true but there is still predominantly state law rather than bankruptcy law issues.

RUSSILLO: Well, there's no question that this is related to jurisdiction. I think the trustee has acknowledged that in their – that the _____ (superior?) court has the authority. The question is whether it should exercise it. We understand that the state law issue are at issue in this case but we believe that this court can and should hear it. And we would – I understand the court wants me to list all those reasons right now, but we are in the process of formulating our response and would appreciate the ability to do so.

JUDGE: All right. Well –

RUSSILLO: Unless this is a waste of time in your opinion.

JUDGE: I'm willing to allow you to do that in order to be fair, but you've heard me so you know you've got a tough row to hoe to convince me to proceed with the matter. Although maybe you want to go ahead and file your motion for summary judgment on your particular clients' claims, and if you do maybe I'll consider it. Although if there are questions as to my authority to enter judgment which seem to be raised by the trustee, you may create more problems for your client than you solve by going that way. I'm just – in the exercise of full disclosure, I'm letting you know that this may be Pandora's box, and when your clients would really just like to have their ownership confirmed and go on with life.

LANDRESS: Your Honor, the trustee would object to that. We think we ought to go one way or the other. As Your Honor points out, what that would do is create a bunch of expense. I mean the state court's perfectly able –

JUDGE: Well, it may not create a bunch of extra expense because Cheney's issues are entirely different from your issues with regard to Bank of New York Mellon and its agents. So one way or the other Mr. Russillo's clients' issues ought to be resolvable in a very discreet manner.

Page 3 of 5

LANDRESS:     My point though, Your Honor, is he could do that in state court and
              there would be no need for a second level review, the whole de novo
              business, he could just file a motion for summary judgment and get it to
              the state court and when the ruling came down, whatever way it was,
              that would be the final ruling and that would seem to be cheaper than a
              two-stage argument.

JUDGE:        Well, you know I have a fair amount of experience with reports and
              recommendations with the district court. I'm not concerned. I have
              been making those reports and recommendations in marathon type
              cases since I've been appointed. And I've also done it in some other
              contexts and you know what, there's not been a single case where the
              district court hasn't agreed with my recommendation even when some
              other party contests it. So if I get a motion for summary judgment I'll
              determine what I need to do with regard to Mr. Russillo's clients and
              we will otherwise proceed. How much time, Mr. Russillo, do you need
              to prepare your response?

RUSSILLO:     I'm on vacation this week, sorry, Your Honor, but 10 days?

JUDGE:        That's fine, so the response would be due by – let's see. Actually, let's
              make it Tuesday, July 7th. When do I have pretrials after that next?

CLERK:        The 21st.

JUDGE:        So we will have final argument on that point July 21st at 10:00 a.m. as
              part of the pretrials, and of course in the meantime, Mr. Landress, the
              trustee may make it easier on himself by settling with Mr. Russillo's
              clients and just pursuing whatever he wants to pursue against Bank of
              New York Mellon and Recon Trust. But that's just a suggestion.

LANDRESS:     I'll discuss that with Mr. Markley, Your Honor.

JUDGE:        All right. So and of course for the benefit of Bank of New York
              Mellon and Recon Trust, if you want to file an opposition to the motion
              to remand, you can have until the 7th of July also.

WESS:         Thank you, Your Honor.

JUDGE:        You're welcome. Anything else I need to do on this one?

Page 4 of 5

RUSSILLO:        No, Your Honor.

LANDRESS:        Not from the trustee's perspective, Your Honor.

JUDGE:           All right. Thanks very much.  This one will continue interesting no
                 doubt.

RUSSILLO:        Thank you, Your Honor.

JUDGE:           Thanks very much.

\G:\Clients\7885\001\O Hearing Transcript 6.23.15.wpd

# CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing PLAINTIFF'S MOTION FOR ORDER FINDING ATTEMPTED REMOVAL VOID OR FOR REMAND on:

Aurora Loan Services LLC
c/o Lehman Brothers Holdings Inc.
1271 65h Avenue, 40th Floor
New York, NY 10020

Frederick B. Burnside
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101

 Cal-Western Reconveyance Corporation
c/o Charles Piper, President
PO Box 767427
Roswell, GA 30076

Michael D Chen
14509 SE Wallowa Way
Happy Valley, OR 97086

Yung-Feng Chou
14509 SE Wallowa Way
Happy Valley, OR 97086

Christina Creswell
1452 NW 6th Ave
Hillsboro, OR 97124

by **mailing** full, true and correct copies thereof in sealed, first-class, postage prepaid envelopes, addressed to the attorneys as shown above at the last known office address of the attorneys, and deposited with the United States Postal Service at Portland Oregon, on the date set forth below.

I FURTHER CERTIFY that on the date set forth below, true and correct copies of PLAINTIFF'S MOTION FOR ORDER FINDING ATTEMPTED REMOVAL VOID OR FOR REMAND, were served by electronic notice through the **USBC's ECF** system, upon the following:

Timothy Cunningham, Esq.
Timcunningham@dwt.com; marleahdolson@dwt.com; pdxdocket@dwt.com

Kevin H. Kono, Esq.
Kevinkono@dwt.com; cynthiapeek@dwt.com; pdxdocket@dwt.com
Attorneys for Defendant Cobalt Mortgage, Inc.

DATED this 22nd day of April, 2016.

 /s/ Sanford R. Landress
Charles R. Markley, OSB 75240
Sanford R. Landress, OSB #81438
*Attorneys for Plaintiff*

G:\Clients\7885\011\Pleadings Bankruptcy\P Motion for Remand.wpd

Page 1 - CERTIFICATE OF SERVICE

**GREENE & MARKLEY, P.C.**
1515 S.W. Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434