**KEVIN H. KONO, OSB #023528**
kevinkono@dwt.com
**TIM CUNNINGHAM, OSB #100906**
timcunningham@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

**FREDERICK B. BURNSIDE, OSB #096617**
fredburnside@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1201 Third Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 757-8016
Facsimile: (206) 757-7016

      Attorneys for Defendant
      Cobalt Mortgage, Inc.

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **In re**<br>**Estate of Jeffrey Ron King**<br>**Tisha Renee King**<br><br>             **Debtors,**<br><br>**STEPHEN P. ARNOT, Chapter 7 Trustee**<br>**for the Estate of Jeffrey Ron King and Tisha**<br>**Renee King,**<br><br>             **PLAINTIFF**,<br><br>    v.<br><br>**CHRISTINA CRESWELL, CAL-**<br>**WESTERN RECONVEYANCE**<br>**CORPORATION, AURORA LOAN**<br>**SERVICES, LLC, MICHAEL D. CHEN,**<br>**YUNG-FENG CHOU and COBALT**<br>**MORTGAGE, INC.,**<br><br>             **DEFENDANTS**. | Case No. 11-30645-rld7<br><br>Adv. Proc. No. 16-03046-rld<br><br>**DEFENDANT COBALT MORTGAGE,**<br>**INC.'S MEMORANDUM IN**<br>**OPPOSITION TO PLAINTIFF'S**<br>**MOTION FOR ORDER**<br>**FINDING ATTEMPTED REMOVAL**<br>**VOID OR FOR REMAND** |

MEMORANDUM IN OPPOSITION TO MOTION FOR REMAND

DWT 29436383v6 0083991-000034

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Case 16-03046-rld    Doc 19    Filed 05/09/16

# I.     INTRODUCTION

Defendant Cobalt Mortgage, Inc. ("Cobalt") properly removed plaintiff's state court action to this court—the *only* court Cobalt could have removed to in compliance with the District of Oregon's local rules and this court's Bankruptcy Rules. Plaintiff does not dispute that jurisdiction is proper in this court. In fact, Defendants Michael D. Chen ("Chen") and Yung-Feng Chou ("Chou") assert this court has *exclusive* jurisdiction. Chen and Chou's Fed. R. Bankr. P. 9027(e)(3) Removal Statement (Dkt. No. 9) ("Chen and Chou Removal Statement"). Cobalt does not dispute Chen's and Chou's position in that regard, but to the extent the court does not have exclusive jurisdiction, the salient question before the court is whether to exercise its authority for equitable remand. Here, where plaintiff's claims, if successful, would drastically impact administration of the bankruptcy estate, and where the state law issues are not difficult, the court should retain its jurisdiction over plaintiff's claim and should not remand.

# II.     FACTUAL BACKGROUND

Cobalt's Motion to Dismiss, Dkt. # 8 contains a full statement of facts and supporting documents retrieved from the public record; Cobalt incorporates that statement and those documents herein. For purposes of this motion, a brief recitation of the facts best allows the court to understand the significant impacts on the bankruptcy estate should plaintiff prevail.

On February 1, 2006, Jeffrey Ron King and Tisha Renee King ("Debtors") purchased real property located in Washington County, Oregon ("Property"), and on the same day, executed and delivered a Note, and a Trust Deed securing that Note, in favor of Homecomings Financial Network. Complaint, Ex. 1 to Notice of Removal, Dkt. #1 ("Compl.") ¶¶ 4-5. The Trust Deed named MERS "beneficiary" ("solely as a nominee for Lender and Lender's successors and assigns"). *See* Declaration of Kevin H. Kono (Dkt. #8) ("Kono Decl."), Ex. 1. In or around August 2009, Debtors defaulted on the Note. *See* Compl. ¶ 10; Kono Decl. Ex. 2. On or about August 7, 2009, MERS substituted defendant Cal-Western Reconveyance Corporation ("Cal-Western") as a successor trustee. Compl. ¶ 8; Kono Decl. Ex. 3. Cal-Western then recorded a

DWT 29436383v6 0083991-000034

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Notice of Default and Election to Sell, and pre-sale affidavits. Compl. ¶11; Kono Decl. Ex. 2.
The Property was sold at a Trustee's Sale for $133,000.00, and a Trustee's Deed was issued to
Aurora Loan Services LLC, which was recorded on June 11, 2010. Compl. ¶ 12; Kono Decl. Ex.
4. On or about August 12, 2010, defendants Chen and Chou purchased the Property from Aurora
for $121,600.00. Compl. ¶ 13; Kono Decl. Ex. 5.

On January 28, 2011, after Aurora purchased the Property at the foreclosure sale and after
Chen and Chou purchased the Property from Aurora, Debtors filed a voluntary petition under
Chapter 7 of the Bankruptcy code. Compl. ¶ 1. The court appointed Peter C. McKittrick the
Chapter 7 Trustee. Compl. ¶ 2. Debtors listed the prior non-judicial foreclosure on their
statement of financial affairs. Case No. 11-30645-rld7 ("Bankr."), Dkt. No. 1 at 54. Plaintiff
does not allege that Judge McKittrick pursued the Property as an asset during the bankruptcy, or
otherwise challenged the trustee's sale. The bankruptcy was closed on October 30, 2012.
Compl. ¶ 3; Bankr. Dkt. No. 50.

In April 2014, nearly two years after the bankruptcy closed, defendant Creswell
purchased the Property from Chen and Chou for $185,000.00. Compl. ¶¶14-15; Kono Decl. Ex.
6. In connection with that purchase, Creswell executed a note in favor of Cobalt, and a deed of
trust under which Cobalt is the beneficiary ("Cobalt Trust Deed").[1] Compl. ¶ 15; Kono Decl.
Ex. 7.

On March 4, 2016, the case was reopened and plaintiff was appointed as Chapter 7
Trustee. Compl. ¶ 3. Based on the theory MERS was not a valid "beneficiary," plaintiff asserts
MERS's substitution of Cal-Western as a successor trustee was invalid, and seeks a declaratory
judgment that "Cal-Western's purported non-judicial foreclosure of the Trust Deed [is] void,"

---

[1] In the body of his Complaint, plaintiff erroneously refers to a trust deed from Creswell to
"Mortgage Express." Compl. ¶ 25. "Mortgage Express" has no involvement with the Property,
and the prayer makes clear that plaintiff seeks to invalidate the Cobalt Trust Deed. Compl.,
Prayer at 1.

Page 2 – MEMORANDUM IN OPPOSITION TO MOTION FOR REMAND

DWT 29436383v6 0083991-000034

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Case 16-03046-rld    Doc 19    Filed 05/09/16

the deeds to Aurora, Chen and Chou, and Creswell, "conveyed no title or interest," and the Cobalt Trust Deed is "of no effect on the title to" the property. Compl. ¶¶ 21-25; *see also* Prayer at 1. Essentially, plaintiff seeks to avoid every transaction from the Trustee's Deed to Aurora forward.

## III.    ARGUMENT

### A.    Removal to this court is procedurally proper.

Plaintiff first argues removal to this court was improper, asserting the proper place for removal was the "district court, *not* in the bankruptcy court." Plaintiff's Motion for Order Finding Cobalt Bank's Attempted Removal Void or for Remand, Dkt. # 4 ("Mot."), p. 2 (emphasis in original). Plaintiff is wrong.

Plaintiff and Cobalt agree removal is governed by 28 U.S.C. § 1452(a) and Fed. R. Bankr. P. 9027(a). *See* Mot., p. 2. Both the statute and the rule provide removal shall be to the district court in the district where the removed action is pending. 28 U.S.C. § 1452(a) (removal is "to the district court for the district where such civil action is pending"); Fed. R. Bankr. P. 9027(a) (removal filed "with the clerk for the district and division within which is located the state or federal court where the civil action is pending"). Plaintiff, however, apparently insists this court is not part of the "district court" within the State of Oregon.

Plaintiff is again mistaken. "[B]ankrupty courts are not separate from, but rather units or divisions of the district court." *In re Yochum*, 89 F.3d 661, 667 (9th Cir. 1996) (quoting with approval *In re Grewe*, 4 F.3d 299, 304 (4th Cir. 1993), *cert. denied*, 510 U.S. 1112 (1994)); *see also* 28 U.S.C. § 151 ("In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district."). "The term 'bankruptcy court' is solely a phrase that is applied to the bankruptcy court judges insofar as these judges together are a unit of the district court. Thus, while functionally there may appear to be a separate court, for jurisdiction purposes there is only one court, i.e. the district court." *Id.* at 669 (quoting *In re Nw. Cinema Corp.*, 49 B.R. 479, 480 (Bankr. D. Minn.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

DWT 29436383v6 0083991-000034

1985)).  In other words, this court *is* the district court, removal was properly filed, and plaintiff's argument fails because it relies on a false distinction between the "bankruptcy court" and the "district court".  *See In re Adams*, 133 B.R. 191, 193-94 (Bankr. W.D. Mich. 1991) ("[B]oth 28 U.S.C. § 1452 and Bankruptcy Rule 9027(a) envision the filing of a removal petition with the clerk for the Bankruptcy Court.") (citing *In re Gianakas*, 56 B.R. 747 (N.D. Ill. 1985)).  This false distinction is especially apparent where the District Court has adopted a rule referring *all* cases under Title 11 to the judges of the bankruptcy court.  *See* L.R. 2100-1 (referring all cases to bankruptcy judges); *In re Gianakas*, 56 B.R. at 753 ("§ 1452(a) does not prohibit filing with the bankruptcy unit of the district court if a general referral order is in place."); *Braden Partners, L.P. v. Hometech Med. Servs., Inc.*, 2003 WL 223423, at *2 (N.D. Cal. 2003) ("Where local rules provide that all bankruptcy proceedings (including those under 28 U.S.C. § 157(a)) are referred to the Bankruptcy Court, removal applications must be directed to the Bankruptcy Court.").

Moreover, the applicable rules make clear that removal papers in fact are required to be filed with the clerk of the bankruptcy court.  Plaintiff concedes Fed. R. Bankr. P. 9027(a) "governs the procedural aspects of removal."  Mot., p. 2.[2]  Rule 9027(a) specifies "[a] notice of removal shall be filed with **the clerk** for the district and division within which is located the state or federal court where the civil action is pending."  (Emphasis added).  Fed. R. Bankr. P. 9001(3), in turn, provides the term "clerk" "means bankruptcy clerk, if one has been appointed, otherwise clerk of the district court."  Since this court has appointed a bankruptcy clerk, Charlene M. Hiss, the term "clerk" "means bankruptcy clerk."  Replacing the term "clerk" in 9027(a)(1) with its definition, the rule reads:  "[a] notice of removal shall be filed with the bankruptcy clerk."

---

[2] Plaintiff never explains his perplexing argument that Fed. R. Bankr. P. 9027(a) "governs the procedural aspects of removal," yet removal *to the bankruptcy court* is somehow improper.  Nor does plaintiff explain how his concession that this court has jurisdiction, Mot., p. 3, corresponds with his insistence that Cobalt could not remove here.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

District Court Local Rule 2100-1 further explains that removal papers must be filed with the bankruptcy clerk. The rule plainly says, under the heading "Filing," that "***all documents*** in cases under Title 11 and all proceedings arising under Title 11 or arising in or related to cases under Title 11 ***must be filed with the bankruptcy court clerk***." Civ. LR 2100-1(b) (emphasis added). Plaintiff concedes this matter is "related to" a case under Title 11, Mot., p. 3, so the plain language of Rule 2100-1 required Cobalt to file its removal documents with the bankruptcy clerk. "All documents" necessarily includes a "notice of removal." *See* Mot., p. 2. Plaintiff's argument that this action was improperly removed to this court fails and the Court should reject it.

## B. This proceeding may be core.

In their separately filed opposition to plaintiff's motion to remand in the related adversary proceeding, defendants Chen and Chou dispute that this proceeding is non-core. Defendants Michael D. Chen's and Yung Feng Chou's Response in Opposition to Plaintiff's Motion for Order Finding Attempted Removal Void or for Remand, No. 16-03046-rld, Dkt. # 16 ("Chen's and Chou's Opp."), at 8-15. Upon further analysis of plaintiff's principal claim—which plaintiff attempts to disguise as a state law declaratory judgment claim—Chen's and Chou's argument that this proceeding is core may have merit.

Plaintiff insists the claim is core because it is a "proceeding based solely on state law, not on bankruptcy law, and is the type of action that can (and often does) arise in contexts other than bankruptcy." Mot. at 5. But Plaintiff obfuscates the true nature of his claim. Plaintiff, the bankruptcy trustee, is attempting avoid a pre-petition transfer of debtor's property. Properly understood, that action is not a mere declaratory judgment action in state court (which could not actually return the property to the estate, as opposed to simply declaring whether a transfer was valid). Instead, plaintiff's claim is *an avoidance action* seeking to recover property transferred before Debtors' bankruptcy, regardless of how plaintiff styles his claim. *See, e.g.*, *Tyler v. Ownit Mortg. Loan Trust*, 460 B.R. 458, 461 (E.D. Va. 2011). Plaintiff cannot avoid the statutory basis

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

for his claim by characterizing it as one for "declaratory judgment."

*In re Wray*, 258 B.R. 777, 785 (Bankr. D. Idaho 2001), is instructive. In that case, the trustee attempted to avoid a life estate of debtor's relative in a parcel debtor allegedly owned a reversionary interest in. *Id.* at 779. After the court determined the statute of limitations for avoidances had passed, *id.* at 783, the trustee urged the court to allow an amendment for plaintiff to assert an alternate theory, specifically that the property in dispute "is 'property of the estate' and should be turned over under § 542; and that Trustee is entitled to a 'declaratory judgment' to this effect." *Id.* at 784. The court—consulting a similar case (*Rakozy*, I.B.C.R. 152, 153 (Bankr. D. Idaho 1990)) where the trustee insisted his action for "quiet title" was not an avoidance— denied the motion to amend:

> § 544(a) is the ***only way*** the Trustee can attempt to bring into the estate an interest in the property greater than what the debtor held at filing. And here, as in *Rakozy*, the effort is barred by § 546(a)'s statute of limitation. That the trustee in *Rakozy* sought to "quiet title" and the ***Trustee here seeks a "declaratory judgment" is a distinction without a difference***. Both essentially use linguistic legerdemain to avoid confronting § 544 and § 546.

*Id.* at 785 (emphasis added); *see also In re Margaux Texas Ventures, Inc.*, 545 B.R. 506, 513 (Bankr. N.D. Tex. 2014) ("Trustee cannot use a declaratory action as a run-around to get relief that is otherwise time-barred."). Like the trustee in *In re Wray*, plaintiff attempts to style his claim as one for state law declaratory judgment to avoid an adverse conclusion—here, characterizing plaintiff's claim as an avoidance action makes this is a core proceeding under 28 U.S.C. § 157(b)(2) (A), (E), (F), (H), (K), (N) or (O).

## C. The equitable remand factors favor retaining jurisdiction.

Plaintiff incorrectly describes this dispute as a simple state law claim between the trustee and defendants. As discussed below, however, if plaintiff were entitled to the relief he seeks, his claim would drastically affect the administration of the bankruptcy estate. If plaintiff were to prevail, this court would need to figure out, among other things, how to unwind three sales of the property, dispossess defendant Creswell as the current owner of the property, address the loan

Page 6 – MEMORANDUM IN OPPOSITION TO MOTION FOR REMAND

DWT 29436383v6 0083991-000034

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Case 16-03046-rld   Doc 19   Filed 05/09/16

she obtained from Cobalt to purchase the home she no longer would have, and address the security interest Cobalt would have lost—in addition to administering the Debtors' reinstated debt associated with the unwound foreclosure, owed to a lender (or its successor) who was not made a party to this action. It does not aid judicial efficiency to remand a case that will ultimately require substantial administration in the bankruptcy court. And because the claims are, as plaintiff concedes, related to the bankruptcy at issue, it makes the most sense for this court to address plaintiff's claims in the first instance.

The Ninth Circuit B.A.P. has held that courts considering a motion for equitable remand "may consider up to fourteen factors." *In re Cedar Funding*, 419 B.R 807, 820 (9th Cir. B.A.P. 2009). Those factors are:

> (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention; (2) extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding; (5) jurisdictional basis, if any, other than § 1334; (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.

*Id.* at 826 n.18; *see also Cox v. Holcomb Family Ltd. P'Ship*, Adv. No. 14-3260, 2015 WL 128001 at *2 (Bankr. D. Or. 2015) (applying factors and also considering the risk of inconsistent verdicts and judicial economy).

Cobalt does not dispute that factor four, the presence of related litigation in state court, is

DWT 29436383v6 0083991-000034

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

neutral.[3]  Factor thirteen, comity, is also a neutral factor, where, as here, the case was removed promptly.  *Cf. Cox*, 2015 WL 128001 at *2 (noting comity is not implicated "where the complaint was removed from state court promptly").  Factors one, two, three, five, six, nine, ten, twelve and fourteen, however, strongly favor Cobalt.  Plaintiff's claim will have a significant effect on the administration of the bankruptcy estate.  Bankruptcy issues predominate in this case, and the state law issues are not difficult.  In addition, it is plaintiff who is forum shopping, and proceeding in state court will only require a return to this forum to administer new assets, if plaintiff were successful.  There is no sound reason to remand a claim that will ultimately require significant involvement from the bankruptcy court.

      **1.**    **Factors one and six, efficient administration of the estate and the degree of relatedness to the main bankruptcy case, weigh in favor of retention of jurisdiction in this court.**

Plaintiff argues that remand will have a "positive effect on the efficient administration of the bankruptcy estate" because plaintiff has requested a jury trial.  Mot., p. 8.  Plaintiff argues that factor six is satisfied because the claim "involves state law claims."  Mot., p. 9.  Plaintiff not only conflates the first factor with the eleventh,[4] plaintiff ignores the extraordinary burden and complication that will arise in administering the bankruptcy estate should plaintiff prevail.  Where, as here, the claim at issue—even if non-core—will "impact the trustee's handling and administration of [Debtors'] estate," *In re Cedar Funding*, 419 B.R. at 820, the court should retain jurisdiction.  *Cf. Cox*, 2015 WL 128001 at *2 (Bankr. D. Or. Jan. 8, 2015) (equitably remanding where there would be no "significant" effect on the administration of the estate).

Plaintiff requests a finding that all transactions after appointment of the successor trustee are null and void.  Compl., ¶ 25.  Apparently, plaintiff views this action as simply a mechanism

---

[3] Though there is no related *state court* litigation, there is substantial related litigation in this court, including one relating to the same underlying bankruptcy case and debtors.  *In re King*, Case No. 11-30645-rld7; Adv. No. 16-03047-rld.

[4] Cobalt addresses the effect of plaintiff's right to a jury trial below.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

to bring additional assets into the bankruptcy estate, which can then be disbursed to creditors. However, plaintiff overlooks that if the court simply "unwinds" the nonjudicial foreclosure, the note and the deed of trust that secures the note will be reinstated and the original lender or its successor—which is not even a party to this action—will have a claim against the estate as a secured creditor. *See In re C.W. Mining Co.*, 749 F.3d 895, 899 (10th Cir. 2014) ("A fully secured creditor's lien is revived under § 502(h) upon avoidance and recovery of the property transferred … avoidance under § 549 and recovery under § 550 would be futile … in this case because the Estate would be required to pay the Bank's secured claim … in full, resulting in no benefit to the Estate."). "Unwinding" the nonjudicial foreclosure would also remove the protections provided to Debtors pursuant to ORS 86.797(2)(a), which prohibits an action for a deficiency judgment based on the underlying note. Debtors' *full obligation* to the original lender will be reinstated, and Debtors will be in default and owe significant amounts in accrued interest and late fees.

This court must also determine if and how, exactly, plaintiff acquires his relief. If each transaction is simply declared void, Creswell, the current owner, will be left without a home, but owing a substantial sum to Cobalt, and Cobalt will be left without a security interest, unless the security follows the property back into the estate. Alternatively, if each transaction is "unwound," Creswell is still left without a home, and will have to return money to Cobalt. Chen and Chou will have to disgorge their sale proceeds and return them to Creswell, robbing them of the profit they realized on the Property. Aurora, in turn, will have to return Chen and Chou's payment, either with or without interest. The original lender, Homecomings Financial (or its successor)—not a party to this case—will have to disgorge its proceeds in favor of Aurora, and then the property could return to the estate, with Homecomings Financial's (or its successor's) loan and security reinstated. Each successive owner of the property, Aurora, Chen and Chou, and Creswell, will also have administrative claims against the estate, and this court will have to determine how to resolve claims for debt service, taxes, utilities, maintenance, and improvements

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

on the Property that have occurred over the last five and a half years—none of which the estate paid.

Plaintiff's recovery of the Property is not simply a "windfall" to the estate—it will result in a complicated unwinding of transactions occurring before and after the bankruptcy, and will create a new secured creditor whose claim will have to be administered. These steps weigh in favor of retaining jurisdiction.

## 2. Factor two, the extent to which state law issues predominate, weighs in favor of retaining jurisdiction.

Plaintiff asserts simply that "there are no bankruptcy issues … [o]nly state-law issues are involved," Mot. at 8, but ignores significant bankruptcy-specific issues that bear directly on this case and weigh in favor of retaining jurisdiction.

*First*, this court is best positioned to determine whether plaintiff's claims have been abandoned—a bankruptcy law determination. Debtors listed the prior non-judicial foreclosure on their statement of financial affairs. Case No. 11-30645-rld7 ("Bankr."), Dkt. No. 1 at 54. Plaintiff does not allege that the prior trustee, Judge McKittrick, pursued the Property as an asset during the bankruptcy, or otherwise challenged the trustee's sale. To the contrary, on April 4, 2011, Judge McKittrick filed a report with this court stating he "made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law." Bankr. Dkt. No. 13; *see also* Bankr. Dkt. No. 20 (amended report stating "Trustee reports that diligent inquiry has been made into the whereabouts of property belonging to the estate, and is in the process of determining whether there is any value to property of the estate that is over and above exemptions claimed by the debtor(s) and will provide a meaningful distribution to creditors[.]"). On October 10, 2012, Judge McKittrick filed a Notice of Intent to Abandon Potential undisclosed assets, in which he stated the intent "to abandon … [p]otential claims to undisclosed assets and fraudulent transfers" because "[s]uch property is burdensome to the

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Case 16-03046-rld    Doc 19    Filed 05/09/16

estate" and "[t]here is no equity for the estate in such property." Bankr. Dkt. No. 47. Judge McKittrick further stated "Trustee believes claims to potential assets are speculative and legally problematic, and does not intend to pursue claims." Bankr. Dkt. No. 47. The bankruptcy was closed on October 30, 2012. Compl. ¶ 3; Bankr. Dkt. No. 50. On March 4, 2016, the case was reopened and plaintiff was appointed as Chapter 7 Trustee. Compl. ¶ 3.

Under 11 U.S.C. § 554(c), "[u]nless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor…." "Section 554(c) deems abandoned to the debtor any scheduled property of the estate that is unadministered at the close of the case." *In re Adair*, 253 B.R. 85, 88 (9th Cir. B.A.P. 2000). As a general rule, "abandonment is irrevocable, even if it is subsequently discovered that the abandoned property had greater value than previously believed." *Id.* (citation omitted); *see also In re Bast*, 366 B.R. 237, 240 (Bankr. S.D. Fla. 2007) ("Property which is not sold or otherwise administered during the course of a bankruptcy proceeding is deemed abandoned upon the closing of the bankruptcy proceeding."). The exception to the irrevocability of abandonment is where "the trustee is misled by false or incomplete information." *Id.* at 89. There is no allegation in the Complaint suggesting Judge McKittrick was misled in any way. To the contrary, the bankruptcy record shows Judge McKittrick reported a diligent inquiry and determined "potential assets are speculative and legally problematic," and therefore he decided not to pursue any claims. Bankr. Dkt. No. 47. Whether this abandonment precludes plaintiff's claim as a matter of law is a quintessential bankruptcy law question weighing heavily against remand.

**Second**, as discussed above, this case is not a "declaratory judgment" action; it is an avoidance seeking to avoid a pre-petition transfer of assets that plaintiff now claims may be included in the estate. Because the claim is for avoidance, various substantive issues of bankruptcy law are necessarily implicated. *In re Wren*, 258 B.R. at 785 ("That the trustee in *Rakozy* sought to 'quiet title' and the Trustee here seeks a 'declaratory judgment' is a distinction

Page 11 – MEMORANDUM IN OPPOSITION TO MOTION FOR REMAND

DWT 29436383v6 0083991-000034

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Case 16-03046-rld    Doc 19    Filed 05/09/16

without a difference.  Both essentially use linguistic legerdemain to avoid confronting § 544 and

§ 546."); *In re Margaux Texas Ventures, Inc.*, 545 B.R. at 513 ("Trustee cannot use a declaratory

action as a run-around to get relief that is otherwise time-barred.").  The primary issue presented

by an avoidance action is whether plaintiff's claims are time barred under 11 U.S.C. § 546:

> (a) An action or proceeding under section 544, 545, 547, 548, or
> 553 of this title may not be commenced after the earlier of—
>
> (1) the later of—
>
> (A) 2 years after the entry of the order for relief; or
>
> (B) 1 year after the appointment or election of the first trustee
> under section 702, 1104, 1163, 1202, or 1302 of this title if such
> appointment or such election occurs before the expiration of the
> period specified in subparagraph (A); or (2) the time the case is
> closed or dismissed.

Debtors' bankruptcy petition was filed on January 28, 2011—more than five years before

plaintiff filed this action.  Because Debtors' bankruptcy petition constitutes an order for relief,

*see* 11 U.S.C. § 301; *In re Paul*, 534 F.3d 1303, 1306 n.4 (9th Cir. 2008), plaintiff's claims are

time barred—regardless of how cleverly he has pleaded them.  *In re Wren*, 258 B.R. at 785.

    **Third**, this court is best positioned to determine whether the subsequent purchasers are

bona fide purchasers under 11 U.S.C. § 550(b), which prohibits avoidance of transfers from bona

fide purchasers:

> (b)  The trustee may not recover under section (a)(2) of this section
> from—
>
> (1)  a transferee that takes for value, including satisfaction or
> securing of a present or antecedent debt, in good faith, and without
> knowledge of the voidability of the transfer avoided; or
>
> (2)  any immediate or mediate good faith transferee of such
> transferee.

11 U.S.C. § 550(b).  Under this statute, any subsequent transferee after Aurora (the initial

transferee) has a complete defense.  "The purpose of this scheme is to protect creditors 'from

last-minute diminutions of the pool of assets in which they have interests,' while at the same

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax
DWT 29436383v6 0083991-000034

time to guard against 'the waste that would be created if people either had to inquire how their transferors obtained their property or to accept a risk that a commercial deal would be reversed for no reason they could perceive at the time." *In re Video Depot*, *Ltd.*, 127 F.3d 1195, 1198 (9th Cir. 1997) (citation omitted). "While the initial transferee is in the best position to monitor the transaction, 'subsequent transferees usually do not know where the assets came from and would be ineffectual monitors if they did.'" *Id.* Here, Chen and Chou, and Creswell, are subsequent transferees, against whom plaintiff may not recover the property if it was acquired in good faith without knowledge of the voidability of the transfer. This court is best positioned to make that determination under Chapter 11.[5]

*Fourth*, this court will be required to determine the existence—and the extent—of any liens on the property by virtue of 11 U.S.C. § 550(e). That statute provides that even if the trustee is able to recover the property, Aurora, the initial transferee, "has a lien on the property recovered to secure the lesser of" the costs of improvements to the property and the increase in value of the property due to the improvements.

*Fifth*, this court is best positioned to determine whether plaintiff's claims provide any benefit to Debtors' estate. Cobalt hereby incorporates the arguments presented by Chen and Chou regarding the lack of benefit to the estate. Chen's and Chou's Opp. at 11-12.

Contrary to plaintiff's assertions, this case does not involve "only" state law issues. Numerous and substantial issues of bankruptcy law weigh against equitable remand.

### 3. Factor three favors retaining jurisdiction because state law is settled.

Central to plaintiff's argument for remand is the notion that "the applicable Oregon law is both difficult and unsettled." Mot., p. 8. Plaintiff attempts to buttress this position by arguing

---

[5] Plaintiff dedicates significant briefing to the proposition that none of the subsequent purchasers are BFPs. Mot. at 10-13. Cobalt disagrees, but whether or not the subsequent purchasers are in fact BFPs—on the merits and facts of this case—is not a question that bears on the issue of equitable remand. In contrast, whether *issues of bankruptcy law*, like 11 U.S.C. § 550 (b), predominate, is.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax
DWT 29436383v6 0083991-000034

federal courts and Oregon appellate courts have reached opposite conclusions regarding the availability of post-foreclosure claims based on allegations of defective foreclosure. Mot. at 8 (*comparing Mikityuk v. Northwest Trustee Servs., Inc.*, 952 F. Supp. 2d 958 (D. Or. 2013), *with Wolf v. GMAC Mortg.*, 276 Or. App. 451, 2016 WL 640808, (2016)). As plaintiff would have it, *Wolf* directly contradicts federal authority within this district, and requires remand to state court.

If, as plaintiff contends, *Wolf* directly controls this case, then state law is *settled*, and there is no need for remand—factor three only counsels remand where the issues of law are "difficult or unsettled." But plaintiff overstates *Wolf*. While the court in *Wolf* disagreed with *Mikityuk as applied to the purchaser at the trustee's sale*, *Wolf* is squarely in line with the decisions in this district which hold the presence of a good faith purchaser *does* preclude a post-foreclosure remedy to a defaulted borrower with notice. In *Wolf*, the former property owner challenged the trustee's sale of his property based on MERS's involvement, arguing—like plaintiff here—that the trustee's sale was invalid because MERS was not a legal "beneficiary" under the OTDA and lacked authority to appoint the successor trustee. *Wolf*, 2016 WL 640808 at *2. The Oregon Court of Appeals disagreed with the analysis in *Mikityuk*, focusing on the language in ORS 86.803 (former ORS 86.780 (2011)):

> The presumption that arises under *former* ORS 86.780 (2011) is merely a rebuttable presumption if the purchaser is not a bona fide purchaser (BFP). That statute provides that the recitals contained within the deed "shall be prima facie evidence in any court of the truth of the matters set forth therein" but "shall be conclusive in favor of a purchaser for value in good faith relying upon them." *Former* ORS 86.780 (2011). Thus, if the purchaser is *not* a BFP, the statute provides only a rebuttable presumption. * * * The existence of a rebuttable presumption suggests that the legislature, in fact, contemplated challenges to the *prima facie* evidence contained in the trustee's deed, if not the validity of the trustee's deed itself.

*Id.* at *3. The direct corollary of the court's analysis is that if the purchaser *is* a "BFP," there is no "rebuttable presumption" and the recitals are conclusive, foreclosing any interest the former owner may have had. This is entirely consistent with the decisions in this district which hold that

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

DWT 29436383v6 0083991-000034

where there *is* a good faith purchaser, post-foreclosure remedies are barred. *See, e.g. Woods v. US Bank Nat'l Assoc.*, No. 3:12-CV-01052-BR, 2013 WL 5592962 at *4-*5 (D. Or. Oct. 10, 2013) ("Plaintiffs admit they received notice of the foreclosure sale within the time required under the OTDA, that the property was sold to a *bona fide* purchaser, and that the sale of the property was recorded before Plaintiffs filed this action seeking to set aside the sale. The Court concludes on this record that Plaintiff's claim is barred under § 86.770(1)."); *Tanner v. Wells Fargo Bank N.A.*, 2016 WL 1060227 at *4 (D. Or. March 11, 2016) (holding, after *Wolf* was decided, that "Plaintiff received notice of the foreclosure sale within the time required under the OTDA, the property was sold to a bona fide purchaser, and the sale of the property was recorded. The Court concludes on this record that Plaintiff's claim is barred under § 86.797(1) and, therefore, grants Defendant's Motion for Judgment on the Pleadings."). Here, where there are not one, but *two* purchasers *after* the Trustee's sale, *Wolf* does not alter the settled law on this issue.

In sum, Cobalt disagrees with plaintiff's interpretation of *Wolf*, as discussed more fully in Cobalt's Motion to Dismiss, Dkt. # 8. But regardless of whose interpretation is correct, there is no question that this court is capable of ascertaining the holding of *Wolf* and applying it to this case, especially where, as here, there are subsequent purchasers present, and 11 U.S.C. § 550(b) affects plaintiff's rights as to those purchasers.

### 4. Factor five, additional jurisdictional bases, weighs strongly in favor of retaining jurisdiction.

Cobalt incorporates the arguments regarding exclusive *in rem* jurisdiction advanced by Chen's and Chou's Opp. at 4-6. Exclusive *in rem* jurisdiction would preclude remand entirely, requiring retention of the case in this court.

### 5. Factors seven and eight weigh in favor of retaining jurisdiction.

Factor seven, "the substance, rather than the form of an asserted core proceeding," and factor eight, "the feasibility of severing state law claims," "apply only to core proceedings."

Page 15 – MEMORANDUM IN OPPOSITION TO MOTION FOR REMAND

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

*Cox*, 2015 WL 128001 at *2. As discussed above, when considered a claim for avoidance, plaintiff's claim may be core. If so, both factors weigh in favor of retaining jurisdiction. Factor seven weighs in favor of retaining jurisdiction because the *substance* of this proceeding is an avoidance action seeking to return an asset that was disposed of pre-petition to the estate. Factor eight weighs in favor of retaining jurisdiction because plaintiff only advances one claim—a claim for avoidance under the Bankruptcy Code. Even if the court were to "sever" that claim, all of the bankruptcy issues discussed above would have to be tried in this court, rendering a severance impractical.

> **6.** **Factor nine, judicial economy favors litigation in this court.**

Factor nine purports to weigh the "burden on the bankruptcy court's docket," but the factor should be considered more holistically as "judicial economy." *See Cox*, 2015 WL 128001 at *2. Any other application of that factor would *always* weigh towards remand, because it would always be more burdensome on the bankruptcy courts to retain a matter than to remand it. Here, however, the broader notion of judicial economy strongly weighs in favor of retaining jurisdiction.

As described above, this case has several bankruptcy specific issues this court will need to resolve. The threshold determination of whether the prior trustee abandoned the Property (and any associated claims) will be made in this court, either by plaintiff filing a motion to revoke abandonment, or in connection with Cobalt's pending motion to dismiss, or by Cobalt requesting a judicial determination that the Property was definitively abandoned. And if plaintiff is ultimately successful, this court—not the state court—will be required to unwind three post-foreclosure transactions and resolve any claims arising from the newly re-secured original lender and all subsequent purchasers.

Even if this case is remanded, this court will still be required to make several key determinations regarding plaintiff's claim and the disposition of any fruits of plaintiff's claim. There is no judicial economy in remanding a case for determination in the state court when

Page 16 – MEMORANDUM IN OPPOSITION TO MOTION FOR REMAND

DWT 29436383v6 0083991-000034

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Case 16-03046-rld    Doc 19    Filed 05/09/16

significant, related litigation is certain to occur in this forum.

> ### 7. Plaintiff is forum shopping by filing in state court and seeking remand, tipping factor ten in favor of retaining jurisdiction.

Addressing the tenth factor, forum shopping, plaintiff states that "defendants are clearly shopping for a favorable federal forum," Mot., p. 9, ignoring the fact that plaintiff has filed similar actions *in this forum*,[6] and that plaintiff has previously dismissed similar claims immediately after Bankruptcy Judge Alley denied a similar motion to remand. Adv. Nos. 16-06038-fra, Dkt No. 31; 16-06050-fra, Dkt No. 3; Adv. No. 16-06038-fra, Dkt. # 28. If any party is guilty of shopping for a favorable forum, it is plaintiff. Cobalt removed this action not to avoid a state forum, rather because, as discussed above, significant bankruptcy-specific issues permeate this case, and it will be more efficient for all parties to litigate this case in the bankruptcy court, where the complicated estate will be administered should plaintiff succeed.

> ### 8. Factor twelve, the presence of non-debtor parties, and factor fourteen, prejudice, support retaining jurisdiction.

Factor twelve, the presence of non-debtor parties, tips in Cobalt's favor. While under normal circumstances the presence of non-debtor parties may counsel remand, circumstances here are far from normal. Each of the non-debtor parties is present solely because plaintiff attempts to claim an avoidance action through the guise of declaratory judgment. If this were actually an avoidance, the non-debtor parties would be in this court in the first instance, and if this case is remanded, the non-debtor parties will look to this court for a determination of abandonment, administration of the estate, and resolution of administrative claims. *This court* is best positioned to ensure that claims against non-debtor parties are fairly and efficiently heard.

Factor fourteen similarly weighs in Cobalt's favor. Plaintiff argues non-debtor parties "should have their liabilities under state law determined in state court … rather than in the specialized and unusual forum of bankruptcy court." Mot. at 9. Cobalt, one of the non-debtor

---

[6] In *Arnot v. ReconTrust Co., N.A.*, Case No. 15-0305-rld (Bankr. D. Or. March 5, 2015), Dkt. #1, plaintiff first filed his complaint as an adversary proceeding. Kono Dec. ¶ 11 & Ex. I.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

DWT 29436383v6 0083991-000034

Case 16-03046-rld    Doc 19    Filed 05/09/16

parties to whom plaintiff refers, respectfully disagrees. Cobalt and all other non-debtor parties would be prejudiced by litigation in state court, because to fully protect their rights, they will be required to return to this court *in any event*. As discussed, this court is better positioned to determine whether plaintiff's claims are abandoned, and will ultimately have to resolve issues of the distribution of proceeds, the effect of "unwinding" transfers, and the existence and resolution of non-debtors' administrative claims. Given that all parties will likely resort to this court in any event, there is no prejudice in remaining here.

> **9.** **Factor eleven, the right to a jury trial, does not support remand.**

Cobalt recognizes some authority supports the position that an asserted right to a jury trial supports remand. *See, e.g.*, *Cox*, 2015 WL 128001 at *3 (right to jury trial weighs in favor of remand because bankruptcy court cannot try this case without consent). Cobalt respectfully submits that this reasoning is inapposite in this district, in which Article III judges are used to having magistrate judges (who do not have authority to preside over jury trials without consent of the parties) handle all pretrial matters. Unlike many district courts that use magistrate judges only to handle discovery disputes without full consent, *see, e.g.*, E.D. Cal. Civ. L.R. 302(c), magistrate judges in the District of Oregon are in the regular rotation for case assignment and either handle all aspects of a case with full consent, or handle all aspects of a case they can lawfully address, including all pretrial matters. D. Or. Civ. L.R. 72-1. If the right to a jury trial is no barrier to the assignment in the ordinary course of cases to magistrate judges, the right to a jury trial should not support remand simply because a bankruptcy judge, like a magistrate judge, cannot render dispositive decisions without full consent of the parties. *Cf. Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015) (holding bankruptcy court may issue dispositive decisions, with consent of the parties).

In any event, if the right to a jury trial is dispositive for the court, Cobalt requests the court recommend withdrawal of reference by the district court under L.R. 2100-4, providing that "a case, or any portion thereof, may be withdrawn on recommendation of a bankruptcy judge."

Page 18 – MEMORANDUM IN OPPOSITION TO MOTION FOR REMAND

DWT 29436383v6 0083991-000034
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax
Case 16-03046-rld    Doc 19    Filed 05/09/16

Withdrawing reference would allow the district court to conduct all pretrial matters and the jury trial. *Cf. Cox*, 2015 WL 128001 at *3 (suggesting that a concern under factor eleven is the efficiency of one judge conducting all proceedings).

**10.    The court should retain jurisdiction.**

Litigation in this court is preferable, because should plaintiff succeed, the administration of the bankruptcy estate will be extraordinarily complicated given the multiple subsequent good faith purchasers (and their lenders, like Cobalt) affected. Even if plaintiff is not required to proceed in state court, related litigation in this court will ensue, and this court will be required to render rulings affecting the state court action. Under these circumstances, it is a waste of judicial resources to remand the case to state court.

## IV.    CONCLUSION

For the reasons stated above, Cobalt's removal was procedurally proper, and this court should deny plaintiff's motion and retain this case.

DATED this 9th day of May, 2016.

**DAVIS WRIGHT TREMAINE LLP**

By  s/ Kevin H. Kono
    **KEVIN H. KONO**, OSB #023528
    kevinkono@dwt.com
    **TIM CUNNINGHAM**, OSB #100906
    timcunningham@dwt.com
    Telephone: (503) 241-2300
    Facsimile: (503) 778-5299

    **FREDERICK B. BURNSIDE**, OSB #096617
    fredburnside@dwt.com
    1201 Third Avenue, Suite 2200
    Seattle, WA 98101
    Telephone:  (206) 757-8016
    Facsimile:  (206) 757-7016

    Attorneys for Defendant Cobalt Mortgage, Inc.

DWT 29436383v6 0083991-000034
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

CERTIFICATE OF SERVICE

I hereby certify that I caused to be served a copy of the foregoing DEFENDANT COBALT MORTGAGE, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER FINDING ATTEMPTED REMOVAL VOID OR FOR REMAND on:

Christina Creswell
1452 NW 6th Ave.
Hillsboro, OR 97124

Aurora Loan Services, LLC
c/o Lehman Brothers Holdings Inc.
1271 6th Avenue, 40th Floor
New York, NY 10020

Cal-Western Reconveyance Corporation
c/o Charles Piper, President
PO Box 767427
Roswell, GA 30076

Cal-Western Reconveyance Corporation
c/o Patrick Briggs
945 Heather Turn
Harrisburg, OR 97446

by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to said parties' last-known addresses and deposited in the U.S. mail at Portland, Oregon on the date set forth below. I further certify that on the date set forth below, true and correct copies were served by electronic notice through the USBC's ECF system upon the following:

GARY L BLACKLIDGE on behalf of Plaintiff Stephen P. Arnot
gary.blacklidge@greenemarkley.com; lori.pavey@greenemarkley.com

SANFORD R LANDRESS on behalf of Plaintiff Stephen P. Arnot
sanford.landress@greenemarkley.com; lori.pavey@greenemarkley.com

CHARLES R MARKLEY on behalf of Plaintiff Stephen P. Arnot
charles.markley@greenemarkley.com; norah.cartier@greenemarkley.com

TRUNG D TU on behalf of Defendant Michael D Chen trungt@mcewengisvold.com;
mistyc@mcewengisvold.com; docketing@mcewengisvold.com

TRUNG D TU on behalf of Defendant Yung-Feng Chou trungt@mcewengisvold.com,
mistyc@mcewengisvold.com; docketing@mcewengisvold.com

Dated this 9th day of May, 2016.

DAVIS WRIGHT TREMAINE LLP


By  s/ Kevin H. Kono
        Kevin H. Kono, OSB #023528
        Of Attorneys for Defendant
        Cobalt Mortgage, Inc.

Page 1 – CERTIFICATE OF SERVICE

DWT 29436383v6 0083991-000034

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Case 16-03046-rld    Doc 19    Filed 05/09/16