# GREENE & MARKLEY, P.C.

ATTORNEYS

1515 SW FIFTH AVENUE, SUITE 600
PORTLAND, OREGON 97201-5492

TELEPHONE: (503) 295-2668
FACSIMILE: (503) 224-8434
E-MAIL: email@greenemarkley.com

sanford.landress@greenemarkley.com

May 25, 2016

**VIA ECF AND FIRST CLASS MAIL**

Honorable Randall L. Dunn
U.S. Bankruptcy Court
1001 SW Fifth Avenue, 7th Floor
Portland, OR 97204

    Re:   *Stephen P. Arnot v. Philip G. Prodehl, et al.*; Adv. Case No. 16-03044-rld
            *Stephen P. Arnot v. Michael C. Kennedy, et al.*; Adv. Case No. 16-03045-rld
            *Stephen P. Arnot v. Christina Creswell, et al.*; Adv. Case No. 16-03046-rld
            *Stephen P. Arnot v. Richard O. Adams, et al.*; Adv. Case No. 16-03047-rld

Dear Judge Dunn:

    Plaintiff recently discovered an additional local case on the issue of when a claim is "correctly scheduled" in the abandonment context. *See In re Schmid*, 54 B.R. 78 (Bankr. D. Or. 1985) (copy attached). Plaintiff respectfully submits *Schmid* to supplement its discussion of that issue in plaintiff's reply brief.

    In *Schmid*, Judge Sullivan dealt with an argument that a Chapter 7 trustee had abandoned a cause of action when he closed a bankruptcy case. The cause of action was described in the schedules, albeit ambiguously, and described with more particularity in the debtor's statement of financial affairs. That is significantly more than in this case, where no cause of action is disclosed anywhere in the schedules or statement of financial affairs.

    Judge Sullivan acknowledged that although "an especially alert trustee could read the schedules and the statement of affairs together and conclude that there was a pending lawsuit, it did not happen in this case." He then went on to rule that the cause of action had nevertheless *not* been abandoned, holding that, to be deemed abandoned, the property "has to be so explicitly identified in the schedules as to be able to impute an intent to abandon."

Judge Sullivan also explained that "11 USC § 554(c) does not inject the element of gamesmanship relied on here . . . to trap the unwary trustee and inadvertently deny creditors the benefit of a substantial asset." Given Judge Sullivan's holding, plaintiff believes the *Schmid* case should be part of this court's analysis of the pending remand issues.

Plaintiff thought it better to reveal this case now, rather than spring it on the court and defendants' counsel at the upcoming hearing on May 31 at 2:00 p.m.

Very truly yours,

GREENE & MARKLEY, P.C.

*/s/ Charles R. Markley*

Charles R. Markley

CRM/lp
Enclosure(s)
cc: Matthew R. Cleverley, Esq. (via ECF)
Trung D. Tu, Esq. (via ECF)
Katie A. Axtell, Esq. (via ECF)
Valerie I. Holder, Esq. (via ECF)
James P. Laurick, Esq. (via ECF)
Justin D. Leonard, Esq. (via ECF)
Adam Hughes, Esq. (via ECF)
Timothy Cunningham, Esq. (via ECF)
Tara Schleicher, Esq. (via ECF)

\G:\Clients\7885\L Judge Dunn re Schmid case 5.24.16.wpd

WESTLAW

Declined to Follow by in re Woods, 10th Cir.(Okla.), April 13, 1999

Original Image of 54 B.R. 78 (PDF)

**In re Schmid**
United States Bankruptcy Court, D. Oregon.

54 B.R. 78
October 3, 1985. 54 B.R. 78, Bankr. L. Rep. P 70, 806 *(Approx. 4 pages)*

United States Bankruptcy Court,
D. Oregon.

In re Robert A. SCHMID, Debtor.

Bankruptcy No. 382-00344.
Oct. 3, 1985.

Debtor objected to trustee's final account on basis that $18,491.50 resulting from trial of lawsuit which trustee proposed to distribute belonged to debtor. The Bankruptcy Court, Donal D. Sullivan, J., held that: (1) intent to abandon lawsuit could not be imputed to trustee, and (2) any abandonment, if there was one, was revocable based on mistake.

Order accordingly.

### West Headnotes (5)

Change View

**1   Bankruptcy** 🔑 Necessity for judicial approval
For property to be abandoned, court has to make formal determination of abandonment, or, at least, property deemed abandoned has to be so explicitly identified in schedules to be able to impute intent to abandon.

8 Cases that cite this headnote

**2   Bankruptcy** 🔑 Proceedings
Abandonment of asset of estate, like sale of estate asset back to debtor, has to be result of intelligent decision in context of notice and opportunity for hearing.

6 Cases that cite this headnote

**3   Bankruptcy** 🔑 Abandonment
Inadvertence should not accomplish abandonment under circumstances where abandonment would not have been allowed had it been requested before closing of case.

5 Cases that cite this headnote

**4   Bankruptcy** 🔑 Abandonment
Intent to abandon lawsuit could not be imputed to trustee, where trustee was not told of pendency of lawsuit, and neither Chapter 7, debtor nor his trial attorney had ever asked trustee to abandon lawsuit under Bankr.Code, 11 U.S.C.A. § 554 (b) in accordance with notice procedure of Rules of Bankr.Proc.Rule 6007, 11 U.S.C.A. Bankr.Code, 11 U.S.C.A. § 701 et seq.

3 Cases that cite this headnote

**5   Bankruptcy** 🔑 Revocation
Given insufficient manner in Chapter 7 which debtor's claim based upon contingent lawsuit was scheduled and failure of debtor or his attorney to otherwise adequately bring claim to trustee's attention before closing of case when it appeared there were no assets to justify keeping case open, abandonment of lawsuit, if there was one, was revocable based on mistake under

---

**SELECTED TOPICS**

Bankruptcy
  Administration
    Federal Law Definition of Abandonment of Estate Property
  Liquidation, Distribution, and Closing
    Notice of Debtor Bankruptcy Case
  Abandonment
    Property of Bankrupt Estate

**Secondary Sources**

**What constitutes abandonment or rejection of property or assets of bankrupt estate by trustee so as to revest title thereto in bankrupt**
19 A.L.R.2d 890 (Originally published in 1951)
...it is well settled that a trustee in bankruptcy is not obliged to accept onerous or unprofitable property when surrendered as part of the bankrupt estate, and has a reasonable time to elect whether he ...

**s 36:286. Other illustrative applications**
3B Bankr. Service L. Ed. § 36:286
...Debtor lacked prudential standing when he filed his post-discharge tax refund action, since claim was asset of his bankruptcy estate; because debtor had not scheduled his claims against Internal Revenu...

**Rights in respect of assets undisclosed at the time of bankrupt's discharge**
111 A.L.R. 835 (Originally published in 1937)
...It is a general rule that a bankrupt is entitled to any assets undisposed of in the bankruptcy proceedings. See Remington, Bankr. § 2871. The present annotation is concerned with the application of thi...

See More Secondary Sources

**Briefs**

**Brief for Appellants**

1976 WL 192762
JACKSON PARK REALTY COMPANY, INC., Fidelity Bankers Life Insurance Company and Philadelphia Life Insurance Company, Defendants-Appellants, v. Gray WILLIAMS, Trustee in Bankruptcy for O'Neill Enterprises, Inc., Bankrupt, Plaintiff-Appellee.
United States Court of Appeals, Fourth Circuit.
1976
...in order to secure financing for an office building it planned to construct at 2007 Earhart Street in the City of Charlottesville, Virginia, O'Neill Enterprises, Inc. entered into a loan agreement in J...

**Replacement Appellee Brief**

2001 WL 34102206
In re Pepi SCHAFLER, Debtor. Pepi SCHAFLER, Appellant, v. Richard J. SPEAR, Trustee, Appellee.
United States Court of Appeals, Ninth Circuit.
Nov. 28, 2001
...Appellee, Richard J. Spear, trustee ("Trustee") of the chapter 7 estate of Pepi Schafler ("Debtor") Appellant, hereby submits

Rules Bankr.Proc.Rule 9024, 11 U.S.C.A. and Fed.Rules Civ.Proc.Rule 60(b), 28 U.S.C.A. Bankr.Code, 11 U.S.C.A. § 701 et seq.

15 Cases that cite this headnote

**Attorneys and Law Firms**

*79 James R. Cartwright, Portland, Or., for debtor.

Jerome B. Shank, Portland, Or., for Ronald A. Watson, trustee.

FINDINGS OVERRULING OBJECTIONS OF THE DEBTOR TO FINAL ACCOUNT

DONAL D. SULLIVAN, Bankruptcy Judge.

The debtor objected to the trustee's final account on the basis that $18,491.50 resulting from trial of a lawsuit which the trustee proposes to distribute belongs to him. The debtor asserted that the trustee abandoned the lawsuit under 11 U.S.C. § 554(c) when the Court previously closed this case and that an order of reopening should not have been entered to administer this asset. There are no other assets in the estate. The objection should be overruled and the final account approved.

I find that when the bankruptcy case was previously closed, the estate was not fully administered within the meaning of 11 U.S.C. § 350(a); that the filing of a no asset report by the trustee was inadvertent, which inadvertence was caused by the debtor's ambiguous description in the schedules and failure to properly "schedule" the asset; that the bankruptcy should not have been closed; and that the reopening of the case under 11 U.S.C. § 350(b) for the purpose of correcting a mistake and administering the present asset was proper. The trustee did not intend to abandon the lawsuit under either 11 U.S.C. § 554(a) or 11 U.S.C. § 554(c). Consequently, there was no abandonment.

Mr. Schmid was in the restaurant business for approximately 20 years. In August 1981 he filed a lawsuit in Multnomah County against 141st Street Investors ("Investors") seeking in excess of $100,000 damages arising out of a restaurant property acquisition venture that went sour, allegedly because of Investors' fraud. Gary Bisaccio represented him on the lawsuit. Partly as a result of the failure of this venture, Schmid filed chapter 7 bankruptcy *80 on February 10, 1982. Dan LaRue represented the debtor for purposes of the bankruptcy. LaRue described the Investors claim in the schedules as "contingent and unliquidated claims ... $750,000" and, in the statement of affairs as "Schmid and Kim Linville, and 141st Investors; Multnomah County Circuit Court; Breach of Contract Proceedings". He also revealed that he paid attorneys' fees to Gary Bisaccio in connection with "141st Investors Case and Other Work". The Court closed the case on January 10, 1983 on its own initiative when it appeared from the trustee's report that there were no assets to justify keeping the case open and notice appeared to be unnecessary under 11 U.S.C. § 102(1). Thereafter, the trustee received an offer to settle the case for $10,000, petitioned to reopen the case, and requested approval of the settlement. The Court reopened the case on March 30, 1983, which was less than three months after closing. Gary Bisaccio, who previously had not applied to represent the trustee, objected to approval of the settlement. The Court declined to approve the settlement, appointed Mr. Bisaccio and Terry Slominski to represent the trustee, and deferred ruling on the abandonment issue until there was a recovery. Thereafter, the plaintiff obtained a judgment which was satisfied for $27,980.57, and the Court approved the attorneys' fees to be paid to Messrs. Bisaccio and Slominski. The debtor, with new counsel, objected to inclusion in the estate of the remaining proceeds of the lawsuit. There are claims in excess of the amount available for distribution, including a post-reopening, late claim which the debtor indicated was filed by his mother.

The debtor contends that he is entitled to the $18,491.50 because, as a matter of law, under 11 U.S.C. § 554(c) the trustee abandoned the lawsuit in that he failed to administer it before January 10, 1983, when the Court originally closed the case. The problem with debtor's argument is twofold. First, regardless of what may be indicated on Items 10 and 15 of the Statement of Affairs, for purposes of § 554(c) the "claim" was technically only "scheduled" on the Schedule B-2. *In re Medley,* 29 B.R. 84, 86 (Bankr.M.D.Tenn.1983); *In re King,* 27 B.R. 754 (Bankr.M.D.Tenn.1983). While an especially alert trustee could read the schedules and the statement of affairs together and conclude that there was a pending lawsuit, it did not happen in this case. In this regard, I believe the trustee's testimony that he was not told at the meeting of creditors of the pendency of the lawsuit. This problem could have been avoided if, during the one-year pendency of the bankruptcy, the debtor or his trial attorney

his Appellee's Brief as follows: This Court has subject matter jurisdiction...

**Brief for Petitioner Thomas J. O'Neill, Trustee**

1985 WL 669570
Thomas J. O'NEILL, Trustee in Bankruptcy of Quanta Resources Corporation, Debtor, Petitioner, v. THE CITY OF NEW YORK and State of New York, and The New Jersey Department of Environmental Protection, Respondents. MIDLANTIC NATIONAL BANK, Petitioner, v. THE NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, Respondent.
Supreme Court of the United States
Apr. 04, 1985

...FN1. Quanta Resources Corporation, a Delaware Corporation, is a wholly owned subsidiary of Quanta Holding Corporation, a subsidiary of Waste Recovery, Inc., which in turn was a subsidiary of Warburg Pa...

See More Briefs

**Trial Court Documents**

**In re Rug Fair Group, Inc.**

2009 WL 8188989
In re: RUG FAIR GROUP, INC. Debtors.
United States Bankruptcy Court, D. Delaware.
Mar. 18, 2009

...FN1. The Debtors in these cases, along with the last four digits of the federal tax identification number for each Debtor, are Drug Fair Group, Inc. (3660) and CDI Group, Inc. (9976). Chapter 11 Upon t...

**In re Ormet Corp.**

2014 WL 3714166
In re: ORMET CORPORATION, et al., Debtors.
United States Bankruptcy Court, D. Delaware.
July 17, 2014

...Upon consideration of the motion (the "Motion") (D.I. 1270) dated June 9, 2014 of the above-captioned debtors and debtors-in-possession (each a "Debtor" and, collectively, the "Debtors") for, among oth...

**In re The Brown Pub. Co.**

2010 WL 8033147
In re: THE BROWN PUBLISHING COMPANY, Dan's Papers, Inc., Brown Media Holdings Company, Boulder Business Information Inc., Brown Business Ledger, LLC, Brown Publishing Inc., LLC, Business Publications, LLC, the Delaware Gazette Company, SC Biz News, LLC, Texas Community Newspapers, Inc., Texas Business News, LLC, Troy Daily News, Inc., Upstate Business News, LLC, Utah Business Publishers, LLC, Arg, LLC, Debtors.
United States Bankruptcy Court, E.D. New York.
July 02, 2010

...Chapter 11 Upon consideration of the Motion for Order (A) Authorizing Debtors to Obtain Post-Petition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to ...

See More Trial Court Documents

had asked the trustee to abandon the lawsuit under 11 U.S.C. § 554(b) in accordance with the notice procedure of Bankr.R. 6007.

1  2  For property to be abandoned, the court has to make a formal determination of abandonment, or, at the least, the property deemed abandoned has to be so explicitly identified in the schedules as to be able to impute an intent to abandon. *Tavormina v. Harris (In re Harris)*, 32 B.R. 125, 128 (Bankr.S.D.Fla.1983). Where an apparent no asset case is routinely closed by the Court without the notice to creditors otherwise required by Bankr.R. 2002 and 6007, 11 U.S.C. § 554(c) does not inject the element of gamesmanship relied on here by the debtor to trap the unwary trustee and inadvertently deny creditors the benefit of a substantial asset. Abandonment of an asset of the estate, like the sale of an estate asset back to the debtor, has to be the result of an intelligent decision made in the context of notice and opportunity for a hearing. *Compare* Bankr.R. 6007 *with Wolverton v. Shell Oil Co. (In re Wolverton)*, 442 F.2d 666 (9th Cir.1971); *see also McTigue v. American Savings & Loan Association of Florida (In re First Baptist Church)*, 564 F.2d 677, 679 (5th Cir.1977).

3  4  Inadvertence should not accomplish an abandonment under circumstances where abandonment would not have been allowed had it been requested before closing. Based on the B–2 Schedule and subsequent *81 events, an intent to abandon cannot be imputed to the trustee here.

5  Alternatively, assuming arguendo that the trustee did abandon the claim, debtor has made no showing that Bankr.R. 9024 governing relief from judgment or order does not apply to 11 U.S.C. § 554(c). Indeed, there is authority for the proposition that it does, albeit decided under the Bankruptcy Act of 1898. *In re Lintz West Side Lumber, Inc.*, 655 F.2d 786 (7th Cir.1981). Given the insufficient manner in which this claim was scheduled and the failure of the debtor or his attorney to otherwise adequately bring this claim to the trustee's attention before closing, I find that the abandonment, if there was one, is revocable based on mistake under Bankr.R. 9024 and Fed.R.Civ.P. 60(b).

**All Citations**

54 B.R. 78, Bankr. L. Rep. P 70,806

---

**End of Document**   © 2016 Thomson Reuters. No claim to original U.S. Government Works.

Westlaw. © 2016 Thomson Reuters | Privacy Statement | Accessibility | Supplier Terms | Contact Us | 1-800-REF-ATTY (1-800-733-2889) | Improve Westlaw     THOMSON REUTERS