Below is an Opinion of the Court.

_____
RANDALL L. DUNN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: ) | |
| Jason Daniel Neel and ) | Bankruptcy Case |
| Connie Lee Neel, ) | No. 11-35417-rld7 |
| Debtors. ) | |
| ) | |
| Stephen P. Arnot, Chapter 7 Trustee ) | Adversary Proceeding |
| for the Estate of Jason Daniel Neel ) | No. 16-3044-rld |
| and Connie Lee Neel, ) | |
| Plaintiffs, ) | |
| v. ) | |
| Philip G. Prodehl; Marianne H. ) | |
| Prodehl; Joseph P. Prodehl; ) | |
| Servicelink Title Company of Oregon,) | |
| fka LSI Title Company of Oregon LLC,) | |
| Defendants. ) | |
| ) | |
| In Re: ) | |
| Robert W. Christensen and ) | Bankruptcy Case |
| Marlene J. Christensen, ) | No. 10-42066-rld7 |
| Debtors. ) | |

Page 1 - MEMORANDUM OPINION

```
Stephen P. Arnot, Chapter 7 Trustee  )  Adversary Proceeding
for the Estate of Robert W.          )  No. 16-3045-rld
Christensen and Marlene J.           )
Christensen,                         )
                                     )
                    Plaintiffs,      )
                                     )
        v.                           )
                                     )
David A. Weibel; Michael C. Kennedy; )
Eva P. Thanheiser; Bank of America   )
NA, as Trustee, fka LaSale Bank NA;  )
US Bank NA, as Trustee; Wells Fargo  )
Bank NA,                             )
                                     )
                    Defendants.      )
_____)
In Re:                               )
                                     )
Jeffrey Ron King and                 )  Bankruptcy Case
Tisha Renee King,                    )  No. 11-30645-rld7
                                     )
                    Debtors.         )
                                     )
_____)
Stephen P. Arnot, Chapter 7 Trustee  )  Adversary Proceeding
for the Estate of Jeffrey Ron        )  No. 16-3046-rld
King and Tisha Renee King,           )
                                     )
                    Plaintiffs,      )
                                     )
        v.                           )
                                     )
Christina Creswell; Cal-Western      )
Reconveyance Corporation; Aurora     )
Loan Services, LLC; Michael D.       )
Chen; Yung-Feng Chou and Cobalt      )
Mortgage, Inc.,                      )
                                     )
                    Defendants.      )
_____)
In Re:                               )
                                     )
Jeffrey Ron King and                 )  Bankruptcy Case
Tisha Renee King,                    )  No. 11-30645-rld7
                                     )
                    Debtors.         )
_____)
```

Page 2 - MEMORANDUM OPINION

| | |
|---|---|
| Stephen P. Arnot, Chapter 7 Trustee for the Estate of Jeffrey Ron King and Tisha Renee King,<br><br>               Plaintiffs,<br><br>   v.<br><br>Richard O. Adams; Trisha F. Adams; Cal-Western Reconveyance Corporation; Aurora Loan Services, LLC; and Mortgage Express LLC,<br><br>               Defendants. | Adversary Proceeding No. 16-3047-rld<br><br><br><br><br>MEMORANDUM OPINION |

On May 31, 2016, I held a consolidated hearing ("Hearing") on motions to remand to state court (the "Remand Motions") four adversary proceedings, Arnot v. Prodehl et al., Adversary Proceeding No. 16-3044 (the "Prodehl Adversary"), Arnot v. Weibel et al., Adversary Proceeding No. 16-3045 ( the "Weibel Adversary"), Arnot v. Creswell et al., Adversary Proceeding No. 16-3046 (the "Creswell Adversary"), and Arnot v. Adams et al., Adversary Proceeding No. 16-3047 (the "Adams Adversary"). The four adversary proceedings collectively are referred to as the "Adversaries."

In deciding the Remand Motions, I have reviewed pleadings filed in the various Adversaries, including each of the Remand Motions, responses (collectively, "Responses") to the Remand Motions filed by various defendants, and the Replies and supporting Declarations filed in behalf of the plaintiff. I also have reviewed the electronic docket records in the related main chapter 7 bankruptcy cases for the purpose of confirming facts not reasonably in dispute. See, e.g., Federal Rule of Evidence 201; In re Butts, 350 B.R. 12, 14 n.1 (Bankr. E.D. Pa. 2006). I listened carefully to the arguments presented at the Hearing and took the

Page 3 - MEMORANDUM OPINION

matters under submission after advising the parties orally of my tentative rulings.

This Memorandum Opinion sets forth my findings of fact and conclusions of law in light of the record before me pursuant to Civil Rule 52(a), applicable with respect to the Adversaries under Rule 7052.[1]

I am denying the Remand Motions without prejudice for the following reasons.

## Factual Background

Each of the Adversaries was filed originally in Oregon state court by Stephen P. Arnot in his role as a chapter 7 trustee ("Mr. Arnot"). Although the defendants in each of the Adversaries are different, the cases arise under similar circumstances.

### A. The Prodehl Adversary

The Prodehl Adversary relates to the chapter 7 case of Jason and Connie Neel, Case No. 11-35417 (the "Neel Case"). The Neel Case was filed on June 21, 2011. In their Schedule B listing of personal property assets, the Neels did not list any claims relating to a foreclosure, but they did reference a prepetition foreclosure in 2010 of their former residence in Redmond, Oregon in their Statement of Financial Affairs. Peter C. McKittrick was appointed as the initial trustee in the Neel Case. Following the § 341(a) meeting, the trustee filed a "no asset" report. The Neels received their discharge, and the Neel Case was closed

---

[1] Unless otherwise specified, all chapter and section references are to the federal Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

Page 4 - MEMORANDUM OPINION

on October 17, 2011.

On March 1, 2016, the United States Trustee moved to reopen the Neel Case to allow for the administration of a "newly discovered asset." The Neel Case was reopened by order entered on the following day, and Mr. Arnot was appointed as the successor trustee. On March 8, 2016, Mr. Arnot filed an application to employ Charles R. Markley and Greene & Markley, P.C. as counsel on a contingent fee basis to represent the Neel estate "in a claim for damages arising out of a wrongful foreclosure of real property that occurred prior to the [Neels'] bankruptcy filing."

Thereafter, the Prodehl Adversary was filed in state court. It was removed to this court through a Notice of Removal filed on April 13, 2016. The Remand Motion in the Prodehl Adversary was filed on April 18, 2016.

B. The Weibel Adversary

The Weibel Adversary relates to the chapter 7 case of Robert and Marlene Christensen, Case No. 10-42066 (the "Christensen Case"). The Christensen Case was filed on December 28, 2010. In their Schedule B, the Christensens did not list any claims relating to a foreclosure, but in their Statement of Financial Affairs, the Christensens referenced the foreclosure of a property on S.W. Hamilton in Portland, Oregon. Again, Peter C. McKittrick was appointed as the initial trustee in the Christensen Case. Following the § 341(a) meeting, the trustee filed an asset report in the Christensen Case. The Christensens received their discharge by order entered on March 28, 2011. The trustee's Final Report, filed on May 21, 2012, shows that the trustee sold a motor vehicle, realizing gross receipts of $4,800. The trustee's Final Account

Page 5 - MEMORANDUM OPINION

was approved, and the Christensen Case was closed by order entered on September 17, 2012.

On March 1, 2016, the United States Trustee moved to reopen the Christensen Case to allow for the administration of a "newly discovered asset." The Christensen Case was reopened by order entered on March 4, 2016, and Mr. Arnot was appointed as the successor trustee. On March 8, 2016, Mr. Arnot filed an application to employ Charles R. Markley and Greene & Markley, P.C. as counsel on a contingent fee basis to represent the Christensen estate "in a claim for damages arising out of a wrongful foreclosure of real property that occurred prior to the [Christensens'] bankruptcy filing."

Thereafter, the Weibel Adversary was filed in state court. It was removed to this court through a Notice of Removal filed on April 14, 2016. The Remand Motion in the Weibel Adversary was filed on April 20, 2016.

C. <u>The Creswell Adversary</u>

The Creswell Adversary relates to the chapter 7 case of Jeffrey and Tisha King, Case No. 11-30645 (the "King Case"). The King Case was filed on January 28, 2011. In their Schedule B, the Kings did not list any claims relating to a foreclosure, but in their responses to Item 5 in their Statement of Financial Affairs, the Kings disclosed prepetition foreclosures with respect to a number of properties. Again, Peter C. McKittrick was appointed as the initial trustee in the King Case. After substantial proceedings that ultimately resulted in the revocation of the Kings' discharge pursuant to a judgment stipulated among the United States Trustee, the Kings and their counsel, the trustee filed a "no

Page 6 - MEMORANDUM OPINION

asset" report, and the King Case was closed by order entered on October 30, 2012.

On March 1, 2016, the United States Trustee moved to reopen the King Case to allow for the administration of a "newly discovered asset." The King Case was reopened by order entered on March 4, 2016, and Mr. Arnot was appointed as the successor trustee. On March 15, 2016, Mr. Arnot filed an application to employ Charles R. Markley and Greene & Markley, P.C. as counsel on a contingent fee basis to represent the King estate "in a claim for damages arising out of a wrongful foreclosure of real property that occurred prior to the [Kings'] bankruptcy filing."

Thereafter, the Creswell Adversary was filed in state court. It was removed to this court through a Notice of Removal filed on April 20, 2016. The Remand Motion in the Creswell Adversary was filed on April 22, 2016.

D. The Adams Adversary

The Adams Adversary also arises in relation to the King Case; so, the main case background is the same. Following the initiation of litigation in state court, the Adams Adversary was removed to this court through a Notice of Removal filed on April 20, 2016. The Remand Motion in the Adams Adversary was filed on April 22, 2016.

Following status hearings in the Adversaries, I entered scheduling orders regarding briefing deadlines with respect to the Remand Motions, scheduled the Hearing and otherwise abated the Adversaries pending further order of the court.

## Jurisdiction

I have jurisdiction to decide the Remand Motions under 28

Page 7 - MEMORANDUM OPINION

U.S.C. §§ 1334(b) and 157(a).

## Discussion

### I. The removals of the Adversaries from state court were not procedurally defective.

Mr. Arnot's first argument in support of remand is that the removals of the Adversaries from state court to this court were procedurally defective. I disagree. 28 U.S.C. § 1452, titled "Removal of claims related to **bankruptcy cases**" (emphasis added), provides in relevant part in subsection (a) that,

> A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

Mr. Arnot concedes that this court has "related to" jurisdiction over the claims stated in the complaints in the Adversaries under 28 U.S.C. § 1334(b). However, he argues that the notices of removal were improperly filed with the clerk of the bankruptcy court rather than the clerk of the district court, as 28 U.S.C. § 1452(a) by its terms appears to require.

28 U.S.C. § 151 provides that, "In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district." Rule 9027(a)(1) provides that, "A notice of removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending." The Rule does not specify the clerk "of the district court," and Rule 9001(3) provides that, "'Clerk' means bankruptcy clerk, if one has been

Page 8 - MEMORANDUM OPINION

1 appointed, otherwise clerk of the district court." Since the bankruptcy
2 court for the District of Oregon has an active appointed bankruptcy
3 clerk, it was entirely appropriate for defendants in the Adversaries to
4 file their notices of removal with the clerk of the bankruptcy court,
5 consistent with the requirements of 28 U.S.C. §§ 1452(a) and 151 and the
6 applicable Rules. 10 Collier on Bankruptcy ¶ 9027.03 (Alan N. Resnick
7 and Henry J. Sommer, eds., 16th ed.).

II. <u>Consideration of the substantive arguments for and against remand</u>.

Under 28 U.S.C. § 1452(b), a court may remand an action "on any equitable ground." The statute thus provides "an unusually broad grant of authority" to consider whether remand of any particular removed case is appropriate. See, e.g., <u>McCarthy v. Prince (In re McCarthy)</u>, 230 B.R. 414, 417 (9th Cir. BAP 1999). Although courts have applied a number of tests in considering whether equitable grounds support remand, both sides here are agreed that an appropriate framework for my consideration is provided by the 14-factor test set forth in <u>Nilsen v. Neilson (In re Cedar Funding, Inc.)</u>, 419 B.R. 807, 820 n.18 (9th Cir. BAP 2009) (the "Cedar Funding Factors"):

> The factors are: (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention; (2) extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of related proceedings commenced in state court or other nonbankruptcy proceeding; (5) jurisdictional basis, if any, other than § 1334; (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's

Page 9 - MEMORANDUM OPINION

docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.

I will elaborate my findings as to each of the fourteen Cedar Funding Factors, but I note at the outset, that there are three Bankruptcy Code issues raised in the Responses that I conclude are most appropriately decided in the bankruptcy court and militate against remand to state court. First, defendants urge that when the Neel, Christensen and King main cases were closed originally with no reservation of estate claims based on any alleged wrongful foreclosure, all such claims were "abandoned" for purposes of § 554 and cannot be pursued. Interpreting and applying the provisions of § 554 is simply foreign to the Oregon state courts and can be most appropriately considered by this court.

Second, although the complaints in the Adversaries purport to raise only state law issues, ultimately seeking damages for alleged trespasses and invalid encumbrances, the first, foundation claim for relief in each of the Adversaries seeks a declaratory judgment that the subject foreclosure sales are void, effectively nullifying any transfers resulting from or subsequent to the foreclosure sales. As defendants have pointed out, Mr. Arnot effectively seeks declaratory relief avoiding all such transfers to support his further claims. However, § 546(a)(1) establishes a two-year statute of limitations from the petition date in the main case for the exercise of a trustee's avoidance powers under the Bankruptcy Code. The question as to whether a trustee, such as Mr. Arnot, can evade the limitations period in § 546(a)(1) by clothing his

Page 10 - MEMORANDUM OPINION

avoidance claims in state law verbiage is a matter uniquely appropriate for this court to decide.

Finally, I conclude that this court should decide the question as to whether subsequent purchasers of the foreclosure sale properties are good faith purchasers for value protected from Mr. Arnot's claims by the provisions of § 550(b).

With that preamble in mind, I consider each of the Cedar Funding Factors with respect to the Remand Motions.

1. <u>Efficient Administration of the Estate</u>

Mr. Arnot assumes that "remand will have nothing but a positive effect on the administration of the bankruptcy estate . . . because the state court can resolve all pretrial disputes and conduct the jury trial by itself, without the second-level procedure of *de novo* review required in bankruptcy court as to pre-trial matters and a jury trial in another court." That blithe assessment is fine as far as it goes, but it ignores the potential consequences to the estate from Mr. Arnot prevailing on his claim that the subject foreclosure sales are void: While Mr. Arnot may be able to make good on his damage claims, further administration of the estates may encompass the need to deal with reinstated and very delinquent trust deed obligation claims of secured creditors that may or may not be covered by any awards of damages. In addition, this court may be required to deal with the claims of subsequent purchasers and their lenders. This court is better equipped to deal efficiently not just with the Adversaries litigation itself but also with the altered property and claim relationships that the bankruptcy estates may confront from decisions in the Adversaries.

Page 11 - MEMORANDUM OPINION

2. <u>Extent to which State Law Issues Predominate Over Bankruptcy Issues</u>

As noted previously, the complaints in the Adversaries purport to assert state law claims only. However, also as noted, significant bankruptcy law issues have been raised in the Responses, including the trustee's alleged abandonment of claims, impact of the § 546(a)(1) statute of limitations, and the "good faith purchaser for value" protections of § 550(b). There may be other issues both of Oregon state and federal bankruptcy law that arise during the course of litigation of the Adversaries. In these circumstances, I cannot tell whether state or bankruptcy law issues "predominate" in the Adversaries.

3. <u>Difficult or Unsettled Nature of Applicable Law</u>

Mr. Arnot cites the February 28, 2016 decision of the Oregon Court of Appeals in <u>Wolf v. GMAC Mortgage</u>, 276 Or. App. 451 (2016), for the proposition that "federal courts have been misinterpreting Oregon law for many years" with respect to the issues raised in the Adversaries. If that is not evidence enough that the law in this area is unsettled, neither the <u>Wolf</u> decision nor any of the other Oregon cases cited to me deal directly with the "good faith purchaser for value" issues under bankruptcy or Oregon state law that must be resolved in the Adversaries. Adding in the abandonment and trustee avoidance power limitations issues previously discussed buttresses my conclusion that legal issues, both bankruptcy and nonbankruptcy, that must be considered in the Adversaries are difficult and unsettled and will be difficult and unsettled until they are decided in whatever court they are litigated.

4. Related Proceedings in State Court or Other Nonbankruptcy Proceedings

Mr. Arnot concedes that there are no related proceedings in state court – but only because the Adversaries all have been removed to this court. During argument at the Hearing, counsel for Mr. Arnot stated that at least a couple of similar cases had proceeded or were proceeding in state court. Of course, Mr. Arnot also complains that a number of similar cases have proceeded in federal court, with unhappy results for litigants in his position. In any event, the Adversaries currently are pending in this court, and the presence or absence of similar but unrelated proceedings in the state courts and the district court has little relevance to how I decide the Remand Motions.

5. Basis for this Court's Jurisdiction

The parties are agreed that this court has "related to" jurisdiction over the Adversaries under 28 U.S.C. § 1334(b), but as to issues of abandonment for purposes of § 554, trustee statute of limitations questions under § 546(a), and "good faith purchaser for value" defenses under § 550(b), I conclude that deciding those issues is within the core jurisdiction of the bankruptcy court under 28 U.S.C. § 157(b)(2)(A) ["matters concerning the administration of the estate"] and (b)(2)(O) ["other proceedings affecting the liquidation of the assets of the estate"].

6. Degree of Relatedness or Remoteness of Proceeding to Main Bankruptcy Case

Pursuit of the Adversaries was the only reason to reopen the subject main chapter 7 cases, following their previous closings as fully administered. Nothing further will happen in the main cases unless and

Page 13 - MEMORANDUM OPINION

until there are recoveries for the estates in the Adversaries. A closer connection is virtually unimaginable.

7. <u>The Substance of Asserted Core Proceedings</u>

As noted above, issues in the Adversaries concerning abandonment for purposes of § 554, application of the trustee statute of limitations under § 546(a), and assertion of "good faith purchaser for value" defenses under § 550(b) are within the core jurisdiction of this court under 28 U.S.C. § 157(b)(2)(A) and (O).

8. <u>Feasibility of Severing State Law Claims from Core Bankruptcy Matters</u>

At some point(s) as the Adversaries proceed, it may be appropriate to reconsider remand once certain fundamental bankruptcy law matters have been resolved, but at least until this court has decided any issues with respect to abandonment and the application of the § 546(a) trustee statute of limitations, I conclude that it is inappropriate and thus not feasible to remand the Adversaries to state court.

9. <u>Burden on the Bankruptcy Court's Docket</u>

As I told the parties at the Hearing, in this time of low bankruptcy filings and case loads, I have time available to accommodate the Adversaries. They do not represent a difficult burden on my docket.

10. <u>Forum Shopping</u>

That Mr. Arnot would prefer to pursue the Adversaries in state court, and the defendants prefer this court or the district court reflects the strategic considerations of the parties and their respective counsel. If that is "forum shopping," I do not find it represents an ethical problem, and I do not find that a particular party's desire to be in one court or another because decisions from that court in similar

cases are perceived as tending to favor one party over the other to be problematic with respect to the Adversaries. However, for those very reasons, I do not give the parties' respective court preferences much weight.

11. Jury Trial Rights

Mr. Arnot has demanded a jury trial in each of the Adversaries, and, while under 28 U.S.C. § 157(e), a bankruptcy court "may conduct a jury trial . . . with the express consent of all the parties," Mr. Arnot is not granting such consent. However, as discussed above, there are issues within the core jurisdiction of this court implicated in the Adversaries that I have authority to decide without a jury, and depending on how those issues are resolved, Mr. Arnot may or may not have the opportunity to present his tort claims before a jury.

12. The Involvement in the Adversaries of Non-Debtor Parties

Mr. Arnot asserts standing to pursue the claims asserted in the Adversaries solely in his capacity as trustee of the concerned bankruptcy estates. It is true that the defendants in the Adversaries all are "non-debtor parties." But it was some of those same defendants who removed the Adversaries to this court and have expressed a strong preference that this court retain jurisdiction. No defendant who did not join in the removal of an Adversary has joined Mr. Arnot in his efforts to remand the Adversaries.

13. Comity

To the extent my retaining the Adversaries requires that I rule on bankruptcy law issues, comity concerns are not material. As to state law issues that need to be resolved, if they fall within my core

Page 15 - MEMORANDUM OPINION

jurisdiction, I can rule on them consistent with the clear requirements of state statute or decisional law.  If state law issues must be decided that do not fall within my core jurisdiction, I can consider the evidence and legal arguments presented and make a report and recommendation to the district court, as authorized by Rule 9003.  Further, if the Remand Motions are denied without prejudice, Mr. Arnot is free to file renewed motions for remand in appropriate circumstances that I am prepared to consider.

14.   Possible Prejudice to Other Parties

I am unaware of any reason why I cannot render a fair and impartial decision as to any issue presented by the Adversaries, rendering final decisions on core bankruptcy matters; submitting reports and recommendations on related state law matters; and considering anew any later filed motions to remand to state court.  None of the defendants who have appeared in opposition to the Remand Motions have expressed any concern that their positions will be unfairly prejudiced by my retaining jurisdiction over the Adversaries, and this court is uniquely positioned to consider and protect the rights of main case debtors who may appear in the Adversaries in the future.

Based on my consideration of all of the Cedar Funding Factors, but stressing the facts that disposition of the Adversaries does not implicate state law issues alone, and at least some of the fundamental bankruptcy law issues raised in the Responses may require threshold determinations, I conclude that, on balance, the equities support my retaining jurisdiction of the Adversaries and denying the Remand Motions. Accordingly, I will deny the Remand Motions without prejudice.

I will prepare and enter orders denying the Remand Motions contemporaneous with the entry of this Memorandum Opinion.

# # #

cc: Stephen P. Arnot
Sanford R. Landress
Matthew R. Cleverley
Trung D. Tu
Gary L. Blacklidge
James P. Laurick
Valerie I. Holder
Marc Rosenberg
Frederick B. Burnside